Donald P. **STEWART**, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE**, Defendant.

No. 85 Civ. 2244 (RWS).

United States District Court, S.D. New York.

Dec. 29, 1986.

Joseph S. Lobenthal, Jr., New York City, for plaintiff; Edward J. Grossman, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by William E. Simon, Jr., Asst. U.S. Atty., New York City, for defendant.

## OPINION

SWEET, District Judge.

Plaintiff Donald P. Stewart ("Stewart") brought an action pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5 and § 2000e–16, naming the United States Postal Service (the "USPS" or "Postal Service") as defendant. Stewart has moved the court, pursuant to Fed.R. Civ.P. 12(f), to strike the five affirmative defenses contained in the USPS' answer. The USPS has cross-moved for an order dismissing the complaint pursuant to Fed. R.Civ.P. 12(b)(1), (6) & (7) or alternatively for summary judgment. For the reasons given below, the USPS' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is granted.

**Prior Proceedings**

On December 1, 1979, Stewart was denied a promotion by his employer, the U.S. Postal Service. Believing that the denial was motivated by racial discrimination, he initiated an administrative discrimination action. On September 24, 1982 the Postal Service decided against Stewart, who appealed to the Equal Employment Opportunity Commission (the "EEOC"). On January 3, 1985, the EEOC affirmed the Postal Service's findings.

A copy of the EEOC decision was mailed to Stewart and his attorney, and was received on January 17, 1985.[1] Both the decision and a letter accompanying it informed Stewart that if he was dissatisfied with the result he had thirty days from receipt of the EEOC decision to file a civil action in federal court. This statute of limitations is codified at 42 U.S.C. § 2000e–16. By regulation, the agency must notify an employee of the right to file an action within the 30-day limit. 29 C.F.R. § 1613.282.

On February 15, 1985, Stewart, in his words, "went to the Southern District of New York ... and wrote out a complaint by hand, based on advice I had received from the *Pro Se* office in the Southern District regarding the name of the party whom I should sue." Stewart named the Postal Service as the sole defendant. The complaint seeks a retroactive promotion, back pay, and legal fees. Like many other *pro se* plaintiffs, Stewart was apparently daunted by the complicated requirements of Fed.R.Civ.P. 4, and had difficulty effecting service. By order of June 4, 1985, the court extended Stewart's time to serve to July 22, 1985.

---

1. The Postal Service has argued that Stewart received his letter before this date, that the 30-day statute of limitations consequently began earlier, and that, therefore, Stewart did not file his complaint within the 30-day statute of limitations. EEOC records disclose that the decision was mailed to Stewart and his attorney on January 9, 1985. However, Stewart's attorney received the decision on January 17, 1985 and date-stamped it the same day. Since Stewart's letter was mailed the same day as counsel's, the date that counsel received the letter is sufficient evidence to rebut the 3-day presumption set out in Fed.R.Civ.P. 6(e) and to conclude that Stewart too received his notice on January 17.

On July 17, 1985 Stewart served the United States Attorney, and on July 18, 1985, he served both the United States Attorney General and the USPS. The USPS answered on November 19, 1985 and asserted the following affirmative defenses: 1) the USPS was not a proper party; 2) the complaint failed to name an indispensible party; 3) Stewart's claims were barred by the statute of limitations; 4) the court lacked subject matter jurisdiction; and 5) the complaint failed to state a claim upon which relief could be granted.

On May 9, 1986 Stewart, now represented by counsel, filed a motion to strike these affirmative defenses. The USPS cross-moved on August 7, 1986 for an order pursuant to Fed.R.Civ.P. 12(b) dismissing the complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to join a party under Fed.R.Civ.P. 19. By consent, and after a number of adjournments primarily at the government's request, the motion was submitted without oral argument on October 10, 1986.[2]

**The Complaint**

For the purposes of a Fed.R.Civ.P. 12(b)(6) motion, the facts as alleged by the plaintiff's complaint are taken as true. However, Stewart's *pro se* complaint fails to comply with 42 U.S.C. § 2000e–16 governing discrimination in employment by the federal government, which states that "the head of the department, agency, or unit, as appropriate, shall be the defendant," in all actions pursuant to that section. The Postal Service submits that under this section the only proper defendant for Stewart's § 2000e–16 action is the Postmaster General and, citing *Cooper v. U.S. Postal Service*, 740 F.2d 714, 716 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 8 L.Ed.2d 316 (1985), argues that a complaint that names the Postal Service instead must be dismissed for failure to state a claim under § 2000e–16.

■ Stewart puts forth three arguments in support of his complaint. First, he claims that because Congress has waived sovereign immunity with regard to suits against the USPS, 39 U.S.C. § 401 (the USPS has the power to "sue and be sued in its official name"), his complaint can be maintained as a direct discrimination action against the USPS, independent of the requirements of § 2000e–16. However, the Supreme Court has ruled that § 2000e–16 is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. Gen. Services Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). Stewart's complaint therefore must succeed or fail within the strict parameters of § 2000e–16. *See id.* at 833, 96 S.Ct. at 1968.

Stewart also argues that his complaint can be saved by an amendment pursuant to Fed.R.Civ.P. 15(c) changing the named defendant from the "Postal Service" to the "Postmaster General." Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Stewart's argument runs thus: 1) the Postal Service had notice within the period

---

2. Stewart has urged the court to reject the Postal Service's motion as untimely. However, correspondence shows that Stewart consented to a number of continuances beyond the original motion date set by the court, and that the Postal Service moved within the time allowed by the numerous extensions.

provided by law for *service* of the complaint; 2) this notice can be imputed to the Postmaster General; 3) therefore an amendment of the complaint that substitutes the Postmaster General for the Postal Service would relate back to the February 15, 1986 filing date of the original complaint.

Such an interpretation of Rule 15(c) would appear to give proper effect to the purpose of the 1966 Amendment of the rule. The commentary to the 1966 Amendment evidences a special concern with not allowing technical deficiencies to defeat suits "by private parties against officers or agencies of the United States." The commentary describes the case of a plaintiff, apparently *pro se*, who was trying to sue the Secretary of the now defunct Department of Health, Education and Welfare. The plaintiff "instituted timely action," but named the " 'Federal Security Administration' (a nonexistent agency)" as the defendant. Noting that the relation back doctrine is "intimately connected with the policy of the statute of limitations," the Committee concluded, "The policy of the statute limiting the time for suit against the Secretary of HEW would not have been offended by allowing relation back [because] the government was put on notice of the claim within the stated period...."

In 1978, the Second Circuit accepted exactly the interpretation of rule 15(c) that Stewart is putting forward. Observing that the phrase "within the period provided by law commencing the action against him" in Fed.R.Civ.P. 15(c) appears to mean the statute of limitations period, the Second Circuit nonetheless concluded that "such a literal interpretation is unjustified in jurisdictions where timely service of process can be effected after the statute of limitations has run." *Ingram v. Kumar,* 585 F.2d 566, 571 (2d Cir.1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). As the court pointed out, in such instances "even an accurately named defendant may not receive notice of the action against him prior to the running of the statute of limitations." *Id.*

■ This summer, however, in *Schiavone v. Fortune,* —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court disagreed with the Second Circuit's position in *Kumar.* The Court held in *Schiavone* that in order for an amendment changing the defendant to relate back to the date of the original pleading, the party to be brought in must have received notice of the action within the statute of limitations period. In this case, although Stewart *filed* within the statute of limitations, he did not *serve* within it. No one, therefore, received notice during the statute of limitations period, not even the party named in the complaint. Consequently, under *Schiavone,* even though Stewart filed within the statute of limitations and served within the proper time allotted for service, this court will not hear Stewart's claims on the merits because he filed against and served the left hand of the government when he should have filed against and served the right hand.

*Schiavone,* however, was a case involving two private plaintiffs, both represented by counsel. Arguably, this case is distinguishable because one party is the government and the other party is *pro se.* Different rules often apply to both the government and *pro se* plaintiffs than apply to private parties with counsel. As to the government, an inscription on the walls of the Department of Justice expresses the essential idea: "The United States wins its point whenever justice is done its citizens in the courts." *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). A prosecutor, for instance, is held to a higher standard than a private advocate: "The duty of the prosecutor is to seek justice, not merely to convict." American Bar Association, 1 *Standards for Criminal Justice* 3–1.1.(c) (1979). There are other manifestations of the interest in justice rather than in technicalities when the government is a litigant. For instance Fed.R.Civ.P. 55(e) prohibits a default judgment against the government, "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court," a requirement not imposed on

entering default judgments against private parties. These indicia and others stand for the proposition that when the government is a party to litigation, substance should trump procedure.

Moreover, the law downplays the strict application of harsh procedural rules when a party is *pro se:* "A layman representing himself ... is entitled to a certain liberality with respect to procedural requirements." *Mount v. Book-of-the-Month Club, Inc.,* 555 F.2d 1108, 1112 (2d Cir.1977). For instance, *pro se* complaints are construed liberally for the purpose of both Rule 12(b)(6) motions, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam), and Rule 56 motions, *Mount,* 555 F.2d at 1112, and when *pro se* papers implicate the vindication of civil rights or civil liberties, they are construed particularly liberally, *see Ferguson v. Mobil Oil Corp.,* 443 F.Supp. 1334, 1336–37 (S.D.N.Y.) (liberal construction of *pro se* Title VII claim), *dismissed on other grounds,* 18 Empl.Prac.Dec. (CCH) ¶ 8660, at 4610 (1978), *aff'd,* 607 F.2d 995 (1979); *Morgan v. LaValle,* 526 F.2d 221, 224 (2d Cir.1975) (liberal construction of *pro se* prisoner's rights complaint); *U.S. ex rel. Buford v. Henderson,* 524 F.2d 147 (2d Cir.), *cert. denied,* 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed.2d 332 (1976) (liberal construction of *pro se* habeas corpus petition). Similarly, the Second Circuit has recently held that *pro se* plaintiffs must be allowed particular grace before their claims are dismissed for failure to prosecute, and that they must likewise be afforded unusual latitude in effecting service. *Romandette v. Weetabix Co.,* 807 F.2d 309 (2d Cir.1986). Indeed, in *Alley v. Dodge Hotel,* 501 F.2d 880, 885–86 (D.C.Cir.1974) (per curiam), *cited with approval, in Stirling v. Chemical Bank,* 511 F.2d 1030 (2d Cir.1975), the D.C. Court of Appeals went so far as to hold that it was error for the district court to fail to take the initiative to inquire whether a *pro se* plaintiff's untimely notice of appeal had been filed late because of excusable neglect.

The principle that justifies these *pro se* procedural exceptions is perfectly straightforward. As one judge has put it:

[T]he law should take account of the fact that the people who bring these civil rights cases in the federal courts often proceed *pro se,* are ignorant of the niceties of state and federal practice, and lack the contacts with the legal profession that the more well-to-do and assured of our society rely on to prevent having claims barred by statute of limitations.

*Singleton v. City of New York,* 632 F.2d 185, 196 (2d Cir.1980), (Weinstein, D.J., dissenting), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

Certainly, the Advisory Committee's comment to the 1966 Amendment of Rule 15(c) suggests that the purpose of the revision was to facilitate matters for *pro se* plaintiffs who might, technically speaking, sue the wrong defendant. The Second Circuit's opinion in *Kumar,* although decided in the context of two private parties with counsel, would have had this effect with regard to *pro se* plaintiffs. The literalist interpretation of Rule 15(c) in *Schiavone,* however, seems to foreclose this result.

■ Alternatively, Stewart claims that the Postmaster General was on constructive notice of the action within the limitations period because of the existence of the prior EEOC action and his status as defendant in that action. The only notice relevant to Rule 15(c) is notice of "the institution of the action." *See Leachman v. Beech Aircraft Corp.,* 694 F.2d 1301, 1308–09 (D.C.Cir.1982); *Tretter v. Johns-Manville Corp.,* 88 F.R.D. 329, 331 (D.Mo. 1980) (the defendant must have "notice that the instant action was filed; notice of the underlying claim is not sufficient"). The fact that Stewart pursued his complaint against the Postmaster General through administrative channels does not provide notice of his subsequent filing of a civil action against the USPS in federal court. *Cooper v. U.S. Postal Serv.,* 740 F.2d 714, 717 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985); *Hale v. U.S. Postal Serv.,* 41 F.E.P. Cases 1601 (D.Ill.1986). [Available on WESTLAW, DCTU database].

**1536**

### Conclusion

As neither the Postal Service nor the Postmaster General received notice of the action within the thirty-day limitations period, the Supreme Court's holding in *Schiavone* will not allow a substitution of the Postmaster General for the Postal Service to relate back to the original complaint.

The court notes that the effect of *Schiavone* is that a *pro se* plaintiff must both file *and* serve within the statute of limitations to protect his claim from a dismissal on a technical ground such as this.

In sum, Stewart's complaint fails to state a cause of action under § 2000e–16 and the Postal Service's 12(b)(6) motion is granted.

**IT IS SO ORDERED.**