Saundra DRAYTON, Plaintiff,

v.

VETERANS ADMINISTRATION, VA Bronx Medical Center, Richard Mohs, Kenneth Davis, Daniel Kowalski, Christopher Giovine and Mt. Sinai Medical Center, Defendants.

No. 86 CIV. 6270 (PKL).

United States District Court, S.D. New York.

Feb. 25, 1987.

Edwin F. Lambert, Jr., Rockville Centre, N.Y., for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., Jordan Stanzler, Asst. U.S. Atty., of counsel, for defendants.

## OPINION & ORDER

LEISURE, District Judge:

Plaintiff Saundra Drayton, a black female, brought this action against defendants Veterans Administration ("VA"), Bronx Medical Center, Richard Mohs, Kenneth Davis, Daniel Kowalski, Christopher Giovine and Mt. Sinai Medical Center, pursuant to 42 U.S.C. §§ 2000e et seq. and 1983.[1] Plaintiff claims that she was discriminated against on the basis of race and sex when she was not selected to fill either of two positions at the VA. The action is now before the Court upon defendants' motion for an order dismissing the complaint, pursuant to Fed.R.Civ.P. 12(b) (1), (2), (4), (5), (6), and (7); or, in the alternative, for an order granting summary judgment against plaintiff, pursuant to Fed.R.Civ.P. 56(b). For the reasons set forth below, defendants' motion is granted. The action is dismissed in its entirety.

## FACTUAL BACKGROUND

Plaintiff filed an informal complaint of discrimination on December 20, 1982, with the VA, alleging that she was discriminated against on the basis of race when she was not selected for either of two positions at the VA Medical Center in the Bronx, New York. After receiving counseling, plaintiff filed a formal complaint on July 25, 1983. The complaint alleged discrimination on the basis of race in not being selected for two positions in the Medical Center's Psychiatric Research Unit.

Plaintiff's claim was investigated; efforts at conciliation were unsuccessful. A hearing was held before the Equal Employment Opportunity Commission ("EEOC") on August 26 and 27. The Attorney-Examiner of the EEOC made a recommended decision, dated November 1, 1985, that plaintiff had been discriminated against.

The VA rejected the recommended decision. On July 11, 1986, Neal C. Lawson,

---

1. In a letter dated December 3, 1986, plaintiff's counsel notified the Court that, pursuant to instructions from his client, he was withdrawing this action against Mt. Sinai Hospital.

Assistant General Counsel of the VA, wrote to plaintiff, informing her of the VA's position. The letter also informed plaintiff that she could either appeal the decision of the VA to the EEOC or, "in lieu of an appeal" to the EEOC, she could "file a civil action in an appropriate U.S. District Court within 30 days of receipt of receipt of the decision." Affirmation of Jordan Stanzler, Assistant United States Attorney, dated December 10, 1986, Exhibit C. This letter constituted the final VA action regarding plaintiff's claim.

Plaintiff's counsel received a copy of the Final Decision of the VA and Mr. Lawson's letter on July 14, 1986; plaintiff received same on July 23, 1986.

Plaintiff filed her complaint in this Court on August 13, 1986. The complaint alleged discrimination on the basis of race and sex. Plaintiff asserted jurisdiction under 42 U.S.C. §§ 2000e and 1983. The complaint named as defendants the VA, the VA Bronx Medical Center, and four federal employees, named in both their individual and official capacities.

The complaint was served upon District Counsel for the VA and the Bronx VA Medical Center on September 3, 1986. Affirmation of Edwin F. Lambert, Jr., Esq., dated January 3, 1987, Exhibit 2. Service has never been made upon the Attorney General of the United States or upon the United States Attorney. Nor has plaintiff provided any documentary evidence that service was effected on the individual defendants.

## LEGAL DISCUSSION

Defendants contend that the complaint must be dismissed because it did not name the proper party as a defendant and was not properly served. Defendants further argue that these errors cannot be corrected by the filing of an amended pleading, adding the proper defendant, because the complaint was not served within the thirty-day statute of limitations period provided in 42

U.S.C. § 2000e–16(c). Therefore, defendants seek dismissal of the complaint with prejudice. Defendant also notes that plaintiff cannot bring this action pursuant to 42 U.S.C. § 1983 because that statute applies only to actions against state officials. The final contention advanced by defendants is that plaintiff cannot pursue allegations of sex discrimination because these allegations were not raised in the prior administrative proceedings.

Plaintiff offers no reason for her failure to name the proper party defendant in this action. Plaintiff also concedes that she did not serve the complaint in a timely manner. However, plaintiff argues that she did not effect service in a proper manner because she was "tricked" by defendants. Moreover, plaintiff contends that she alleges a "continuing violation" under Title VII and is, therefore, not barred by the thirty day statute of limitations.[2]

*The Proper Party*

It is well settled that "the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1967) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1951)); *Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1976). Thus, as a threshold matter, plaintiff's action against the VA is barred for lack of subject matter jurisdiction unless she can demonstrate that the United States has, by statute, "'unequivocally expressed'" a waiver immunity in suits such as this one. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969)). In the event that there is statutory consent, courts must strictly construe such consent and the regulations promulgated thereun-

2. Plaintiff fails to discuss whether she can bring a § 1983 action, nor does she respond to de-

fendants' exhaustion of remedies argument.

der. *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979); *Sherwood, supra,* 312 U.S. at 586, 61 S.Ct. at 769; *Altman v. Connally,* 456 F.2d 1114, 1116 (2d Cir. 1972); *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971).

 The United States has waived its sovereign immunity regarding employment discrimination claims only to the extent that such claims are made against "the head of the department, agency, or unit, as appropriate...." 42 U.S.C. § 2000e16(c). *See Stephenson v. Simon,* 427 F.Supp. 467, 470–71 (D.D.C.1976). Such official's name need not be used in pleading; it is sufficient if he is named by official title, unless there is some claim for personal relief against the agency official under one of the related civil rights statutes of the Constitution. *See* Fed.R.Civ.P. 25(d)(2). Furthermore, under § 2000e–16(c), an applicant for federal employment has thirty days, from receipt of the notice of the final action taken by the agency, to file suit against the head of that agency.[3]

It is clear from the language of § 2000e–16(c) that suit must be brought against the head of the agency, in the instant action, Thomas Turnage, head of the VA. Turnage is the only proper defendant in this discrimination action. An action may not be brought against the agency itself or against its lower level federal employees. *See, e.g., Hackley v. Roudebush,* 520 F.2d 108, 115 (D.C.Cir.1975); *Cooper v. U.S. Postal Service,* 740 F.2d 714, 716 (9th Cir. 1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985); *Hall v. Small Business Admin.,* 695 F.2d 175, 180 (5th Cir.1983); *McGuinness v. U.S. Postal Service,* 744 F.2d 1318, 1322 (7th Cir.1984);

*Canino v. EEOC,* 707 F.2d 468, 472 (11th Cir.1983); *Dean v. United States,* 484 F.Supp. 888, 889–90 (D.N.D.1980); *Nolan v. Cleland,* 482 F.Supp. 668, 672 (N.D. Cal.1979) (dismissing action against supervisory officials of VA), *aff'd in part, rev'd in part,* 686 F.2d 806 (9th Cir.1982); *Stephenson, supra* 427 F.Supp. at 470–71; *Carver v. Veterans Administration,* 455 F.Supp. 544, 545–546 (E.D.Tenn.1978); *Quillen v. U.S. Postal Service,* 564 F.Supp. 314, 321 (E.D.Mich.1983) (claim against employee's supervisor dismissed); *accord Langster v. Schweiker,* 565 F.Supp. 407, 412 (D.Ill. 1983).

 Plaintiff does not tender an excuse for her failure to name the proper party defendant. Therefore, the complaint in this action against the VA, the VA Bronx Medical Center and the individual federal employees—Mohs, Davis, Kowalski, and Giovine—should be dismissed because plaintiff failed to name the head of the VA as a party.

### The Statute of Limitations and Service of Process

Federal Rules of Civil Procedure 4 and 5 provide for service of process against the United States and its agencies. Rule 4 provides that:

**(d) Summons and Complaint: Person to be served....**

(4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United

---

**3.** 42 U.S.C. § 2000e–16(c) provides in pertinent part:

Within thirty days of receipt of notice of final action taken by a department, agency or unit ... on a complaint of discrimination based on ... race ... [or] sex ..., an employee or applicant for employment, if aggrieved by the

final disposition of his complaint, ... may file a civil action as provided in section 2000e–5 of this title, in which civil action *the head of the department, agency, or unit, as appropriate, shall be the defendant.*
(Emphasis supplied).

States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

(5) Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

Fed.R.Civ.P. 4(d)(4) and (5).

■ As the Court has previously noted, plaintiff should have brought this action against the head of the VA. Accordingly, she should have served a copy of the summons and complaint on the head of the VA, on the United States Attorney for the Southern District of New York, and on the Attorney General of the United States. Plaintiff failed to satisfy any of these requirements. Service is thus insufficient and the complaint therefore must be dismissed on these grounds as well. *See, e.g., Messenger v. United States,* 231 F.2d 328, 331 (2d Cir.1956) (failure to serve Attorney General cannot be cured *nunc pro tunc*); *Francisco v. Schmidt,* 532 F.Supp. 850, 852 (E.D.Wisc.1982) (suit challenging termination from employment dismissed for insufficiency of process where neither the Attorney General nor the United States Attorney were served); *Sanchez-Mariani v. Ellingwood,* 691 F.2d 592, 594 (1st Cir. 1982) (failure to serve United States Attorney).

Fed.R.Civ.P. 4(j) provides that if a service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the plaintiff cannot show good cause why service was not made during that time period, the action shall be dismissed *without prejudice.* Here the 120–day period has expired. Defendants contend, however, that the dismissal of this action should be *with prejudice* because plaintiff is barred from filing a new action against the head of the VA, even if she effects proper service of the summons and complaint now.

■ The statute of limitations for bringing an action under § 2000e–16(c) is thirty days. Plaintiff's counsel received notice of the final agency action on July 14, 1986; plaintiff received notice on July 23, 1986. Thus, the thirty-day period expired on August 22, 1986. Plaintiff, however, failed to *serve* the proper parties in order to bring her action within that time frame. Moreover, even with respect to the parties plaintiff allegedly did serve, service was not made until early September. Accordingly, plaintiff cannot at this time bring a new suit against the head of the VA. *See, e.g., Bond v. Golden,* 273 F.2d 265, 268 (10th Cir.1959) (dismissal with prejudice for lack of service of process is appropriate where it is apparent from the pleadings that the claim is barred by a statute of limitations); *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972) (incomplete or improper service will lead to dismissal with prejudice unless it appears that proper service may still be obtained).[4]

*Relation Back of Amendments*

■ Plaintiff is also barred from amending her complaint to substitute Mr. Turnage, the head of the VA, as the proper defendant in this action. Again, this result

---

**4.** Defendants also argue that no service was ever made upon the individual federal employees and therefore the Court lacks personal jurisdiction over these defendants. *See, e.g., Micklus v. Carlson,* 632 F.2d 227, 240 (3rd Cir.1980) (federal official sued in personal capacity not personally served); *accord Cameron v. Internal Revenue Service,* 593 F.Supp. 1540, 1549–50 (D.Ind. 1984), *aff'd,* 773 F.2d 126 (7th Cir.1985). Although plaintiff's counsel claims that "service of process by regular ordinary mail was also effected on the individual defendants … on or about September 3, 1986 …[,]" he fails to provide the Court with documentary evidence to support this claim. Lambert Aff. at ¶ 10. Moreover, the Court notes that even if such service was effected, plaintiff's counsel concedes that it could not have been accomplished prior to September 3, 1986, which date is still after the expiration of the limitations period. Therefore, on the basis of either of these two failures, on the part of plaintiff, the action is dismissed against the individual defendants.

stems from plaintiff's failure to serve a copy of the summons and complaint on *any* of the conceivably proper parties within the thirty day period provided under § 2000e–16(c). Under these circumstances, the complaint may not be amended pursuant to Fed.R.Civ.P. 15(c).

Rule 15(c) provides:

**(c) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action against him,* the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The *delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer* who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.P. 15(c) (emphasis supplied). The Notes of Advisory Committee on Rules regarding Rule 15(c) are quite clear that the provision is directed at a problem which "has arisen most acutely in certain actions by private parties against officers or agencies of the Untied States." The Committee Notes also expressly state that "[r]elation back is intimately connected with the policy of the statute of limitations."

In the instant matter, "the period provided by law for commencing the action" under Rule 15(c) is the limitations period contained in § 2000e–16(c)—thirty days. Therefore, any attempt by plaintiff to amend her complaint to change the party against whom her claim is asserted will not "relate back" to the filing date of the original complaint *unless notice of the complaint was served within the limitations period established under § 2000e–16(c).* Since plaintiff does not dispute that service of process was not effected in the proper fashion, prescribed by Fed.R.Civ.P. 4(d)(4) and (5)—before the expiration of the statute of limitations period—an amendment of the complaint to properly allege that the head of the VA is the defendant in the instant action will not "relate back" to the time of the filing of the complaint.

In *Cooper, supra,* 740 F.2d at 716, the aggrieved employee filed a complaint of discrimination in federal court, naming the U.S. Postal Service as the sole defendant. Plaintiff filed the complaint one day before the expiration of the thirty-day statute of limitations. Plaintiff—one month later—served copies of the complaint upon the Attorney General of the United States, the United States Attorney, and the Postmaster General. The defendant then moved to dismiss the complaint on the basis that plaintiff had failed to name the Postmaster General as the proper defendant. Plaintiff then made a motion for leave to amend the complaint and to substitute the Postmaster General as a defendant under Rule 15(c).

The District Court denied plaintiff's motion. The Ninth Circuit affirmed the District Court, ruling that the Postmaster General could not be substituted as a party, because neither the Attorney General, the United States, nor the Postmaster General had been served within the required time period for filing discrimination actions in federal court. The Ninth Circuit noted that:

We recognize that our literal interpretation of rule 15(c) and the short limitations period established by 42 U.S.C. § 2000e–16(c) combine to produce a seemingly harsh result in this case. Such apparently harsh results in individual cases, how-

ever, may be the inevitable corollary of our obligation in all cases to follow precedent and to implement controlling statutes and procedural rules. We may ignore neither the limitations on the filing of Title VII actions contained in section 2000e–16(c) nor the notice requirements for the substitution of parties in amended pleadings established by the plain language of rule 15(c). Whatever hardship these combined provisions work on Title VII plaintiffs can be alleviated only by Congress and the drafters of the Federal Rules of Civil Procedure.

*Id.* at 717.

The Court is aware that the Second Circuit has not accepted the reasoning of *Cooper*. In *Ingram v. Kumar*, 585 F.2d 566, 571–72 (2d Cir.1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), the Second Circuit rejected a literal reading of Rule 15(c). Instead the Court held that notice may be given to the party being substituted within the time allowed for service of process under Rule 4.

Recently, however, the Supreme Court in *Schiavone v. Fortune*, — U.S. —, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) resolved the conflict between the Circuits, adopting the reasoning of *Cooper* and rejecting the view of *Ingram*. *See Schiavone, supra*, 106 S.Ct. at 2381 n. 1 (citing *inter alia Watson v. Unipress, Inc.*, 733 F.2d 1386, 1390 (10th Cir.1984); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir.1982); *Trace X Chemical v. Gulf Oil Chemical Co.*, 724 F.2d 68, 70–71 (8th Cir.1983); *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403, 410 (6th Cir.1982) (concurring opinion)). In *Schiavone*, plaintiffs brought diversity libel actions on May 9, 1983, by filing their complaints in the District Court for the District of New Jersey. Each complaint claimed that the plaintiff was libeled in a story that appeared in the May 31, 1982 issue of Fortune Magazine, and described Fortune as "a foreign corporation having its principal offices at Time and Life Building" in New York City. The complaints were mailed to Time's registered agent in New Jersey on May 20. The agent received the complaints on May 23 but refused service because Time was not named as a defendant. On July 19, 1983, each plaintiff amended his complaint to name as the captioned defendant, and to refer in the body of the complaint to, "Fortune, also known as Time, Incorporated." The amended complaints were served on Time by certified mail on July 21.

The district court dismissed the complaints on the ground that they were not timely filed under the New Jersey statute of limitations, which requires a libel action to be commenced within one year of the publication of the alleged libel. The district court held that, although the amended complaints adequately named Time as a defendant, the amendments did not relate back, under Rule 15(c), to the filing of the original complaints because plaintiffs failed to show that Time received notice of the institution of the actions within the one year period. The Third Circuit affirmed the district court.

In upholding the Third Circuit's ruling, the Supreme Court first noted that "[e]ven if [the Court] were to adopt the identity-of-interest exception" "under which an amendment that substitutes a party in a complaint after the limitations period has expired will relate back to the date of the filing of the original complaint", the Court "would be compelled to reject petitioners' contention that the facts of this case fall within the exception." 106 S.Ct. at 2384. The Court held that:

> Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party. In this case, however, *neither Fortune nor Time received notice of the filing until after the period of limitations had run. Thus, there was no proper notice to Fortune that could be imputed to Time.*

*Id.* (emphasis added) (citations omitted).

The Court rejected the notion that there is a "choice between a 'liberal' approach toward Rule 15(c), on the one hand, and a 'technical' interpretation of the Rule, on the

other hand." *Id.* at 2385. Instead, the Court determined that the choice is "between recognizing or ignoring what the Rule provides in plain language. [The Court] accept[ed] the Rule as meaning what it says." *Id.* The Court refused to engraft upon Rule 15(c) "an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint." *Id.* The Court pointed out that "Rule 4 deals only with process. Rule 3 concerns the 'commencement' of a civil action. Under Rule 15(c), the emphasis is upon 'the period provided by law for commencing the action against' the defendant." *Id.* The Court concluded by stating that:

> The linchpin [of Rule 15(c)] is notice, and notice within the limitations period. Of course, there is an element of arbitrariness here, but that is a characteristic of any limitations period. And it is an arbitrariness imposed by the legislature and not by the judicial process.

*Id.* (citation and note omitted).

The reasoning of *Schiavone* compels this Court to hold that plaintiff cannot amend her pleading to substitute the head of the VA as the proper party defendant, because it is undisputed that the complaint was not served within the thirty-day statute of limitations period. Because the head of the VA had no notice of this action within the thirty-day period, an amendment to the pleadings cannot "relate back" to the time of the filing of the complaint.

Plaintiff does not deny that she failed to name the proper party in the complaint and that she failed to serve timely the complaint. Instead, plaintiff opposes defendants' motion on the ground that defendants did not "apprise the [plaintiff] that her federal civil action must be served within the 30 day period." Lambert Aff. at ¶ 7. Plaintiff also claims that defendants should be estopped from relying on her failure to satisfy the statute of limitations because they "tricked" plaintiff. Finally, plaintiff argues that her complaint alleges a "continuing violation" of Title VII and therefore the statute of limitations has still not expired.[5]

■ Plaintiff's first argument is that she was misled by Mr. Lawson's letter of July 11, 1986.[6] As described earlier, that letter informed plaintiff that she "may file a civil action in an appropriate U.S. District Court within 30 days of a receipt of this decision." Plaintiff contends that the letter's omission regarding the requirement of timely service constitutes a trap. Lambert Aff. at ¶ 16. The Court rejects plaintiff's attempt at blaming the government for her (or her counsel's) failure to follow the statutory requirements pertaining to suits against the federal government. The government is not under an obligation to plaintiff or to plaintiff's counsel to "provide exact instructions on how and when to make service of process under the Federal Rules of Civil Procedure." Defendants' Reply Memorandum, 3.

■ Plaintiff also argues, in this same vein, that she was tricked by defendants pursuant to settlement negotiations. According to plaintiff's counsel, defendants informed him that settlement could only be pursued if no federal action was filed. Plaintiff's counsel claims that he waited until the last day of the period to file the complaint in the hopes of reaching settlement. He alleges that not once during this time did defendants inform him of the service of process requirement. Plaintiff's counsel also claims in broad gauge fashion that defendants' actions were part of a conspiracy to trick plaintiff and her counsel.

Plaintiff cites no cases supporting her remarkably novel theory regarding the obligation of defendants to advance plaintiff's

---

5. The Court notes that plaintiff failed to submit a memorandum of law in opposition to defendants' motion. According to Rule 3(b) of the Civil Rules of this Court, such deficiency is sufficient cause for the granting of defendants' motion by default.

6. The Court notes that plaintiff was represented by counsel throughout the period of time described herein.

litigation efforts. Moreover, it is well settled that the government cannot be estopped except for affirmative acts of misconduct. *Schweiker v. Hansen,* 450 U.S. 785, 788–90, 101 S.Ct. 1468, 1470–71, 67 L.Ed.2d 685 (1981); *United States v. Re-Pass,* 688 F.2d 154, 158 (2d Cir.1982); *Druker v. Commissioner,* 697 F.2d 46, 52 (2d Cir.1982), *cert. denied,* 461 U.S. 957, 103 S.Ct. 2429, 77 L.Ed.2d 1316 (1983). Plaintiff's allegations herein do not rise to the level necessary to estop the government from raising its valid statute of limitations defense.

■ Plaintiff's bases her final effort at avoiding the dismissal of her complaint upon the "continuing violation" doctrine. Where a plaintiff is *not* complaining of a *discrete* act of discrimination, the doctrine of continuing discrimination may except her from the strict time requirements of Title VII. The policy reason underlying this doctrine is "to provide a remedy for past actions which operate to discriminate against the complainant at the present time." *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1234 (8th Cir.1975). Therefore, in order to demonstrate a continuing violation, a plaintiff must show " 'a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the [limitations] period.' " *Valentino v. United States Postal Service,* 674 F.2d 56, 65 (D.C.Cir.1982) (quoting B. Schlei & P. Grossman, *Employment Discrimination Law* 232 (1983)).

■ In determining whether plaintiff has satisfied the requirements of the "continuing violation" doctrine, two principles must be applied. First, the complaint must allege a *present and ongoing* violation of Title VII; it is not sufficient to allege a present effect of past discrimination. *United Air Lines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Second, plaintiff may not evade Title VII's stringent time limits merely by characterizing a completed act of discrimination as a "continuing violation." *Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980). Ultimately, however, the determination as to whether or not a continuing violation exists must be made on a case-by-case basis. *Id.* at 258 n. 9, 101 S.Ct. at 504 n. 9.

■ Plaintiff does not provide any basis for her allegation that the alleged discriminatory actions in the instant matter are continuing. Plaintiff's counsel merely alleges in a conclusory manner that "the acts which have been held by the EEOC to have been discriminatory in the instant action are continuing...." Lambert Aff. ¶ 18. In addition, it is clear to the Court that the actions underlying this dispute were discrete and do not constitute a continuing course of discrimination. In *Smith v. Office of Economic Opportunity,* 538 F.2d 226, 228–29 (8th Cir.1976), the Court held that a refusal to hire did not constitute a continuing violation. Even a series of refusals to hire an individual may not be sufficient to find a continuing violation. *De Medina v. Reinhardt,* 444 F.Supp. 573, 576–77 (D.C.1978), *aff'd in part, rem'd in part,* 686 F.2d 997 (1982). Moreover, in *Delaware State College, supra,* 449 U.S. at 250, 101 S.Ct. at 500, the Supreme Court held that there was no continuing violation after the Board of Trustees denied plaintiff tenure even though he continued to teach for another year under a one-year "terminal" contract; "mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.* at 257, 101 S.Ct. at 504. *See also Collins v. United Air Lines,* 514 F.2d 594, 596 (9th Cir.1975); *Olson, supra,* 511 F.2d at 1234.[7] Thus,

---

7. The only case cited by plaintiff in support of her position is *Chung v. Pomona Valley Hospital,* 667 F.2d 788 (9th Cir.1982). The facts in *Chung* indicate that plaintiff was denied a series of promotions, proper seniority status, permission to attend professional seminars and instead was provided with undesirable assignments, demotions and threats. Therefore, on its face *Chung* is clearly distinguishable from the instant action. Moreover, *Chung,* at least to the extent it pertains to § 2000e claims, concerns a plaintiff's *pro se* filings with the EEOC. Although the case does, in part, address the con-

plaintiff's "continuing violation" argument must fall as well as her estoppel arguments.[8]

## CONCLUSION

For the aforementioned reasons, plaintiff's claim is dismissed in its entirety.[9]

SO ORDERED.

---

tinuing violation doctrine, it does so in the context of § 1981 and is thus inapposite.

**8.** Plaintiff's claim under § 1983 must be dismissed as well. Because plaintiff was an applicant for a federal job, only 42 U.S.C. § 2000e provides a remedy for alleged discrimination. In *Brown v. General Services Admin.,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402, the Supreme Court held with respect to § 1983:

> In a variety of contexts the Court has held that a precisely drawn, detailed statute preempts more general remedies. In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 for example, state prisoners whose good time credits had been cancelled for disciplinary reasons brought suit under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983, in conjunction with a habeas corpus action. Although acknowledging that the civil rights statute was, by its terms, wholly applicable, we held that challenges to the fact and duration of imprisonment appropriately lie only under habeas corpus, "the more specific act."

*Id.* at 834, 9 S.Ct. at 1968. The Court then ruled that 42 U.S.C. § 2000e was intended by Congress to provide "the exclusive judicial remedy for claims of discrimination in federal employment." *Id.* at 835, 9 S.Ct. at 1969. Title VII is an "exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination." *Id.* at 828–29, 96 S.Ct. at 1966; *see also Newbold v. U.S. Postal Service,*

614 F.2d 46 (5th Cir.), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980) (discharged postal worker precluded from bringing suit for employment discrimination under § 1981 because of the exclusive remedy provided by 42 U.S.C. § 2000e); *Adams v. U.S. Postal Service,* No. 77–2307 (S.D.N.Y. Oct. 13, 1982) (Owen, J.); *Scott v. Perry,* 569 F.2d 1064 (9th Cir.1978) (per curiam); *I.M.A.G.E. v. EEOC,* 469 F.Supp. 1034, 1036 (D.Colo.1979) (under § 1985); but see *Brosnahan v. Eckerd,* 435 F.Supp. 26, 28 (D.D.C.1977).

Although actions of federal officials done under color of state law may be actionable under § 1983, *see Francis-Sobel v. University of Maine,* 597 F.2d 15 (1st Cir.), *cert. denied.* 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979); *Hampton v. Hanrahan,* 600 F.2d 600 (7th Cir.1979), *rev'd on other grounds,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), actions of federal officials under color of federal law are not. *See Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir.1980); *Hubbert v. U.S. Parole Commission,* 585 F.2d 857 (7th Cir.1978) (per curiam); *Smith v. U.S. Civil Service Commission,* 520 F.2d 731 (7th Cir.1975).

**9.** For the reasons stated herein, the Court need not reach defendants' additional argument that plaintiff's sex discrimination claim is barred because it was not alleged during the prior administrative hearings. *See Brown, supra,* 425 U.S. at 820, 96 S.Ct. at 1961.