Gregory I. EDINBORO, Plaintiff,

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 87 Civ. 2795 (SWK).**

United States District Court, S.D. New York.

Dec. 20, 1988.

Kipp Elliott Watson, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City by Gabriel W. Gorenstein, for defendant.

### MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Presently before this Court for review is the Report and Recommendation ("Report") by United States Magistrate Francis dated May 9, 1988. The above captioned case was referred by this Court to Magistrate Francis to recommend whether this Court should grant the Department of Health and Human Services' ("HHS") motion to dismiss the complaint, or alternatively, to grant summary judgment. Magistrate Francis recommended that this

Court grant HHS's motion for summary judgment dismissing the complaint, and this Court conducted a *de novo* review of the Magistrate's Report pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.

Plaintiff Gregory I. Edinboro ("Edinboro") named an improper party in his original complaint and is now barred by the limitations period from amending his complaint to name the proper defendant. Edinboro's primary objection is that the Magistrate rejected his claim that the relation-back period extends the relevant notice period, which is also subject to equitable modification. In addition, Edinboro requests a reasonable opportunity to engage in discovery to disclose other bases for modification.

### Background

Edinboro brought this action under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, ("the Act"), charging his employer HHS with employment discrimination due to an alleged handicap. From 1981 Edinboro was a Social Security Administration claims representative until his demotion to the position of service representative on April 30, 1986. Edinboro appealed this demotion to the Merit System Protection Board ("MSPB"), which affirmed the demotion on March 27, 1987, concluding that Edinboro had not been discriminated against in violation of the Act, and that he did not have a handicap, 33 M.S.P.R. 91. The MSPB decision also contained a notice to Edinboro of his right to sue. This notice to sue informed Edinboro that he could either petition the Equal Employment Opportunity Commission ("EEOC"), or that he could initiate a civil suit in the United States District Court no later than thirty days from receipt of the March 27, 1987 MSPB decision. It did not specify that Edinboro could not sue HHS directly in this Court, but that he had to name the Secretary of HHS.

Pursuant to this notice, Edinboro filed a complaint in this Court on April 24, 1987, which challenged his demotion but erroneously named HHS as the defendant. Although Edinboro received notice of the MSPB's decision on March 27, 1987, he waited until August 21, 1987 to serve his first complaint, which was nearly four months after the expiration of the thirty-day period. Edinboro later amended his complaint to name the Secretary of HHS, Otis Bowen, the proper defendant. This amended complaint also alleged acts of discrimination by HHS which were not raised previously. On November 9, 1987, Edinboro served a copy of the amended complaint on HHS. This amended complaint was finally filed with this Court on March 4, 1988.

### DISCUSSION

The Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, incorporates the procedural requirements for suits under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16. *See* 29 U.S.C. § 794a(a)(1). In order to commence an action in district court under Title VII, a federal employee alleging discrimination may bring suit only against "the head of the department, agency or unit". 42 U.S.C. § 2000e–16(c). An action may not be brought against the agency itself. *Drayton v. Veterans Admin.*, 654 F.Supp. 558, 562 (S.D.N.Y.1987); *Cooper v. U.S. Postal Service*, 740 F.2d 714, 715–16 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). Any federal employee seeking judicial review of an MSPB decision must file a civil action within thirty days after the claimant receives notice of the adverse MSPB decision. *See* 5 U.S.C. § 7703(b)(2). Plaintiff's amended complaint was not filed until March 4, 1988—eleven months after the expiration of the same period.

Edinboro argues that the statutory thirty-day filing period of § 7703(b)(2) for commencing a civil suit in district court is not jurisdictional, but instead is a statute of limitations subject to equitable modification. The Second Circuit has not decided whether this statutory period is jurisdictional. The Circuits that have decided this issue have held that the thirty-day time limit of § 7703(b)(2) is a jurisdictional prerequisite to filing a suit in district court. *King v. Dole*, 782 F.2d 274, 275–76 (D.C.

Cir.1986), *cert. denied,* 479 U.S. 856, 107 S.Ct. 194, 93 L.Ed.2d 126 (1986); *Hilliard v. U.S. Postal Service,* 814 F.2d 325, 327 (6th Cir.1987); *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986); *see also, Taylor v. Tisch,* 686 F.Supp. 304, 308 (S.D.Fla. 1988). Under a minority viewpoint, other courts have declined to rule whether the thirty-day requirement is jurisdictional or subject to equitable modification. *James v. U.S. Postal Service,* 835 F.2d 1265, 1267 (8th Cir.1988) (upheld district court's dismissal of plaintiff's employment discrimination complaint stating that even if the requirements for commencing an action in district court were subject to equitable tolling, the fact that plaintiff was *pro se* did not justify equitable modification), *Lee v. U.S. Postal Service,* 774 F.2d 1067, 1068 (11th Cir.1985) (upheld district court's dismissal of plaintiff's complaint holding that even if timely filing is not jurisdictional and is subject to equitable modification, plaintiff's allegations of ineffective counsel does not satisfy the doctrine).

The District of Columbia Circuit based its *King* decision on two factors. *King, supra,* 782 F.2d at 276. First, it reasoned that the timeliness provision of an analogous section—5 U.S.C. § 7703(b)(1)—is in fact a jurisdictional time limit,[1] and therefore, that § 7703(b)(2) should be similarly construed. *Id.* at 276. The court explained that Congress left no doubt as to the mandatory nature of the time limit "by providing that '[n]otwithstanding any other provision of law, any such case filed ... must be filed within thirty days after the date the

individual filing the case received notice of the judicially reviewable action.' " *Id.* at 276 (quoting 5 U.S.C. § 7703(b)(2)).

 In a case interpreting the doctrine of equitable modification, the Supreme Court outlined circumstances that might justify equitable tolling. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151–52, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984), *reh'g denied,* 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984). These circumstances include situations where (1) a claimant has received inadequate notice, or (2) where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or (3) where the court has led the plaintiff to believe that plaintiff had done everything required, or (4) where the affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. *Baldwin County Welcome Center, supra,* 466 U.S. at 151–52, 104 S.Ct. at 1725–26. Edinboro has not alleged, and this Court does not find, that any of these circumstances exist in the present case. Furthermore, a litigant "who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Id.* This Court finds no excuse for Edinboro's failure to serve the original complaint until August 21, 1987. Consequently, this Court need not reach the issue of whether § 7703(b)(2) is jurisdictional because even if the thirty-day period of § 7703(b)(2) may be subject to tolling, the facts do not warrant tolling in this case.[2]

1. Section 7703(b)(1) provides that, except as provided in section 7703(b)(2), an employee or applicant adversely affected or aggrieved by a final order or decision of the MSPB may obtain judicial review in the United States Court of Appeals for the Federal Circuit. Section 7703(b)(2), in turn, provides that cases involving allegations of discrimination can be filed under the applicable anti-discrimination statutes in district court. *King, supra,* 782 F.2d at 275 n. 2. Sections 7703(b)(1) and 7703(b)(2) contain virtually identical timeliness provisions. *Id.* at 275 n. 2.

2. Edinboro also objects that Magistrate Francis's Report exalts form over substance, thus denying an allegedly diligent *pro se* litigant his day in court in contradiction to Congress's in-

tent in enacting 5 U.S.C. § 7703(b)(2). Plaintiff cites to three cases in support of his argument. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), *reh'g. denied,* 456 U.S. 940, 102 S.Ct. 2001, 72 L.Ed.2d 461 (1982); *Hladki v. Jeffrey's Consolidated Ltd.,* 652 F.Supp. 388, 392 (E.D.N.Y.1987); *Williams v. Casey,* 657 F.Supp. 921, 942 (S.D.N.Y.1987). None of these cases, however, even discuss whether the thirty-day limitation period mandated by 5 U.S.C. § 7703(b)(2) is subject to equitable modification, nor do they deal with suits brought by plaintiffs seeking review of an MSPB determination. The Supreme Court in *Zipes* said "a timely filing with the EEOC is not a jurisdictional prerequisite to a suit in federal court". 455 U.S. at 393, 102 S.Ct. at 1132). The *Hladki* court relied on *Zipes* and

■ Alternately, Edinboro argues that under *Drayton, supra,* 654 F.Supp. at 567, the doctrine of continuing violations may be applied to toll the thirty-day filing requirement.[3] To satisfy the continuing violations doctrine a plaintiff must show "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the limitations period." *Id.* at 567. According to *Drayton,* a plaintiff can show such a continuing violation only if two requirements exist. *Id.* at 567. First, the complaint must allege a present and ongoing violation of Title VII. *Id.* at 567. Second, the plaintiff may not evade Title VII's stringent time limits merely by characterizing a completed act as a continuing violation. *Id.* at 567. The *Drayton* court held that the requirements for a continuing violation were not met where the plaintiff was denied positions at the V.A. Medical Center on only two occasions. Even if the thirty-day filing period may be tolled by the doctrine of continuing violations, Edinboro fails to demonstrate that the doctrine applies here. The gravamen of this case, which is a single demotion, does not constitute a continuing course of action. In addition, the Court finds no evidence that a discriminatory system existed before and during the thirty-day period. Since Edinboro cannot meet the requirements for establishing a continuing violation, Edinboro's complaint must be dismissed, as it was not initiated against the proper defendant within thirty days of receipt of the right to sue letter and there is no basis for tolling this period.

Edinboro received notice of the MSPB decision and his right to sue on March 27, 1987. The thirty-day period expired on April 26, 1987. Although Edinboro filed his complaint in this Court within this time period, he did not serve until August 21, 1987. In addition, Edinboro failed to name and serve the proper defendant in his first complaint. It is undisputed that the amended complaint naming the proper party was filed outside the thirty-day filing period on March 4, 1988. Edinboro can maintain his suit only if the amended complaint can relate back to the date of the filing of the original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. Rule 15(c) reads as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action against him,* the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
>
> The *delivery or mailing of process to the United States Attorney, or his designee or the Attorney General of the United States, or an agency or officer* who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.P. 15(c) (emphasis supplied). In the instant matter, "the period provided by law for commencing the action" under Rule 15(c) is the thirty-day limitations period

determined that a right to sue letter is not a jurisdictional prerequisite to a Title VII claim, but is a statutory requirement subject to waiver, estoppel, or tolling only upon a showing by plaintiff of a sufficient reason for such equitable modification. 652 F.Supp. at 392. *Williams,*

*supra,* dealt with the failure to exhaust administrative remedies. 657 F.Supp. at 926.

**3.** The *Drayton* court discussed the continuing violations doctrine only after it held that the complaint should be dismissed because it was filed after a jurisdictional period had passed.

contained in 5 U.S.C. § 7703(b)(2). According to Rule 15(c), an amendment changing the defendant relates back only if the party to be brought in by amendment received notice within the limitations period so that he is not prejudiced in maintaining his defense. Therefore, any attempt by Edinboro to amend his complaint to change the party against whom his claim is asserted will not relate back to the filing date of the original complaint unless notice of the complaint was served within the period provided for by § 7703(b)(2).

In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court addressed this issue. The plaintiffs in *Schiavone* instituted a libel action naming Fortune Magazine as defendant instead of the proper party, Time, Inc. ("Time"). *Id.* at 22–3, 106 S.Ct. at 2380–81. Although the complaints as originally drawn were filed within the limitations period, service was not attempted until this period had expired. *Id.* at 25, 106 S.Ct. at 2382. The filing and service of the complaints as amended also took place after the expiration of the limitations period. *Id.* at 25, 106 S.Ct. at 2382. The Supreme Court upheld the Court of Appeals's dismissal of plaintiffs' complaint. *Id.* at 32, 106 S.Ct. at 2385. The *Schiavone* Court stated that the amendment to the complaint naming the proper defendant did not relate back to the filing of the original complaint pursuant to Rule 15(c) because Time did not receive notice "within the period by law for commencing an action". *Id.* at 30, 106 S.Ct. at 2384. The Supreme Court stated:

> Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party. In this case, however, neither Fortune nor Time received notice of the filing until after the period of limitations had run. Thus, there was no proper notice to Fortune that could be imputed to Time.

*Id.* at 29, 106 S.Ct. at 2384. The Court concluded:

The linchpin is notice, and notice within the limitations period. Of course, there is an element of arbitrariness here, but that is a characteristic of any limitations period. And it is imposed by the legislature not the judicial process.

*Id.* at 31, 106 S.Ct. at 2385.

■ Under *Schiavone*, Edinboro may not amend his complaint to substitute the Secretary of the HHS, Otis Bowen, who is the proper defendant due to Edinboro's failure to serve the original complaint within the thirty-day limitations period. Upon the application of *Schiavone*, this Court must concur with the Magistrate's recommendation to grant summary judgment to defendant.

Edinboro argues that Magistrate Francis's Report ignores *Stewart v. United States Postal Service*, 649 F.Supp. 1531, 1534 (S.D.N.Y.1986). Edinboro cites a discussion by the *Stewart* court, in dictum, of how *Schiavone* is arguably distinguishable from a case involving a *pro se* plaintiff.[4] The *Stewart* court discussed the plight of the *pro se* plaintiff stating that although "substance should trump procedure", the literalist interpretation of Rule 15(c) by the Supreme Court in *Schiavone* foreclosed that result. *Id.* at 1535. In *Stewart*, the plaintiff, a *pro se* litigant, sought review in district court of an EEOC determination upholding the Postal Service's denial of a promotion. *Id.* at 1532. The plaintiff named the Postal Service as the sole defendant in his complaint, not the Postmaster General, the proper party. *Id.* at 1532. Although the plaintiff filed his original complaint within the thirty-day limitations period he did not serve within it. *Id.* at 1534. The *Stewart* court concluded that "as neither the Postal Service nor the Postmaster General received notice of the action within the thirty-day limitations period, the Supreme Court's holding in *Schiavone* will not allow a substitution of the Postmaster General for the Postal Service to relate back to the original complaint". *Id.* at 1536. The court concluded that "the effect of *Schiavone* is that a *pro se* plain-

---

**4.** Although at the present time the plaintiff in this action is represented by counsel, the plain- tiff was *pro se* at the time his complaint was filed and served.

tiff must both file and serve within the statute of limitations to protect his claim from a dismissal on a technical ground such as this." *Id.* at 1536. Consequently, Edinboro's second complaint cannot relate back to the first because, as in *Stewart,* the notice requirement under the *Schiavone* interpretation of Rule 15(c) was not satisfied.

The application of *Schiavone* to the present matter results in a particularly unfortunate resolution in a case that "involves such a short statute of limitations (30 days) and an untutored [*pro se*] litigant." *Williams v. Army & Air Force Exchange Service,* 830 F.2d 27, 30 (3d Cir. 1987). The only proper defendant in this case would be the "head of the department, agency, or unit, as appropriate," however, "[t]his cryptic phrase provides little guidance to litigants." *Mondy v. Secretary of the Army,* 845 F.2d 1051, 1052 n. 2 (D.C. Cir.1988) (discussing 42 U.S.C. § 2000e–16(c)) (citing *Paulk v. Department of the Air Force,* 830 F.2d 79, 80 (7th Cir.1987)). The *Mondy* court stated that "[b]ecause the statutory language [of 42 U.S.C. § 2000e–16(c)] is so unenlightening, we strongly endorse the suggestion made by the Third Circuit in *Williams, supra,* that Federal agencies amend their right to sue letter to indicate who should be named [as] defendant." 845 F.2d at 1051 n. 1. This Court agrees.

The MSPB was required to notify Edinboro of his right to file an action within the thirty-day limit. 29 C.F.R. § 1613.282. The MSPB, however, did not apprise the litigant in its letter of the statutory restriction on who may be sued. Even though this Court is bound by *Schiavone* and has found no reasonable excuse for Edinboro's failure to serve the first complaint within the thirty-day period, the MSPB should as its practice apprise *pro se* litigant's in these cases of the proper party. This Court finds that the practice of providing *pro se* litigants such a partial roadmap for the initiation of their action is inappropriate. Consequently, the MSPB should amend its right to sue letter to include notification of the proper defendant to an action in district court. This additional requirement is not burdensome on the agency and is in the interest of justice.

Next Edinboro requests a reasonable opportunity to engage in discovery on the other described bases for modification. Since this Court adopts Magistrate Francis's recommendation to dismiss the complaint, this Court does not grant Edinboro's request for discovery, as this Court now lacks subject matter jurisdiction over this case.

## CONCLUSION

This Court grants the defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, dismissing Edinboro's complaint.

SO ORDERED.