**Barbara NOBLE, Plaintiff-Appellant,**

v.

**The UNIVERSITY OF ROCHESTER and Strong Memorial Hospital, Defendants-Appellees.**

No. 1115, Docket 76-7133.

United States Court of Appeals, Second Circuit.

Argued June 4, 1976.

Decided June 7, 1976.

Emmelyn Logan-Baldwin, Rochester, N. Y., for plaintiff-appellant.

Gerald L. Paley, Rochester, N. Y. (Michael R. Lindburg and Nixon, Hargrave,

Devans & Doyle, Rochester, N. Y., on the brief), for defendants-appellees.

Before KAUFMAN, Chief Judge, CLARK, Associate Justice,* and TIMBERS, Circuit Judge.

IRVING R. KAUFMAN, Chief Judge:

On March 1, 1976, Judge Burke dismissed Barbara Noble's sex discrimination complaint before an answer had been filed. In our opinion in *Egelston v. State University College at Geneseo*, 2 Cir., 535 F.2d 752, filed today, we have resolved most of the legal issues posed by this appeal and, accordingly, shall not tarry over them here.

As in *Egelston*, we must glean the facts underlying Noble's claims from her complaint which was dismissed out-of-hand by the district judge. Noble, hired as an operating room nurse by Strong Memorial Hospital in 1969, learned to operate the complex heart-lung machinery used to keep patients alive during open-heart surgery. In March, 1973, she became head of the "pump team", the group of people responsible for running that machine. A few months later, Dr. Earl Mahoney, the doctor in charge of cardiac surgery, promised Aaron Hill, an employee at the cardiology research laboratory that he would take command of the team. Hill, however, was not qualified to operate the heart-lung machinery. Accordingly, he was sent to Houston, Texas, for training. Upon his return—apparently, in January, 1974—he was given the position of "Chief Perfusionist", a title created by Dr. Mahoney expressly for him. Despite this appellation, however, Hill was not yet fully trained.

Noble, the complaint relates, thus continued as de facto head of the pump team for some time thereafter; additionally, her duties had come to include instruction of the new "Chief Perfusionist". During this time, Hill nevertheless received a higher salary than Ms. Noble. Although the date on which Hill assumed actual command of the pump team is unclear, the complaint states that he was not qualified to take the examination to be a certified cardiac perfusionist until July, 1975.

Meanwhile, in March, 1975, Noble filed a complaint with the New York State Division of Human Rights, and with the Equal Employment Opportunity Commission. In November, after obtaining a right-to-sue notice from the EEOC, she brought suit in the Western District of New York under Title VII.[1]

Noble's complaint in the District Court charged that the hospital had promoted the less-qualified Hill solely because of his sex, and that she "continues to seek advancement at Strong." And, the complaint also contains an allegation, similar to that in *Egelston*, that the discrimination against her derived from the hospital's policy of excluding women from more desirable positions.

The defendants, as in *Egelston*, did not file an answer to Ms. Noble's allegations. Rather, they moved to dismiss the complaint which, they argued, was barred by 42 U.S.C. § 2000e–5(e). This section required Noble to file her charge with the EEOC within 300 days after the alleged unlawful employment practice occurred. Judge Burke in a memorandum containing merely conclusory statements granted the motion.[2]

---

* United States Supreme Court, retired, sitting by designation.

1. Noble also grounded jurisdiction under the Equal Pay Act, 29 U.S.C. § 206(d)(1). Since we hold that she has stated a valid cause of action under Title VII, we need not consider this alternate basis for jurisdiction.

2. It is difficult to glean from Judge Burke's brief memorandum the reasoning which impelled his opinion. We quote the legal discussion in its entirety:

> If plaintiff had received the job of "Chief Profusionist" [sic] in January, 1974, she would have had no actionable complaint. 42

For essentially the same reasons set forth by us today in *Egelston v. State University College at Geneseo, supra,* we reverse. Judge Burke wrongfully assumed that the time limit began to run when Hill received the title of Chief Perfusionist, apparently in January, 1974. But, taking the allegations in the dismissed complaint as true, as we must, *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), we view the conferring of that title upon the then unqualified Hill as but a hollow formality. The promotion was consummated when Hill took actual command of the pump team, see *Egelston, supra,* at 752, and the time limit was not triggered until then.

Moreover, Noble alleges that the discrimination against her was but a part of the hospital's policy of denying women access to its upper echelons, a policy which continued to preclude her from promotion even after she had filed her charge.[3] These allegations of continuing discrimination are not time-barred. *Egelston, supra.*

Reversed and remanded.[4]

U.S.C. 2000e-5(e), on which the suit is based, requires that a charge be filed with the United States Equal Employment Opportunity Commission within 180 days after the alleged discriminatory practice occurred. The charge had to be filed no later than August 1, 1974. The plaintiff filed her Equal Employment Opportunity Commission charge on March 4, 1975. The charge was untimely.

3. Although the complaint did not detail specific instances of the operation of this policy—except as applied against her—it is sufficiently

specific to comply with Fed.R.Civ.P. 8(a)(1). *See Conley v. Gibson,* 355 U.S. 41, 71–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). And, the fact that there may have been no openings available for the plaintiff during the 300-day period is irrelevant in this context. *Rich v. Martin Marietta Corp.,* 522 F.2d 333, 348 (10th Cir. 1975).

4. *See Egelston, supra,* footnote 6, in which we suggest the reassignment of these cases to another judge.