Irvin GILL et al., Plaintiffs-Appellants,

v.

MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Defendants-Appellees.

No. 291, Docket 76–7244.

United States Court of Appeals, Second Circuit.

Argued Dec. 3, 1976.

Decided Dec. 27, 1976.

Emmelyn Logan-Baldwin, Rochester, N. Y., for plaintiffs-appellants.

Frank P. Celona, Rochester, N. Y. (Charles G. Finch, Chief Counsel, Rochester, N. Y., on the brief), for James Reed, Di-

rector, and Monroe County Department of Social Services.

Joseph C. Pilato, Rochester, N. Y. (William J. Stevens, Rochester, N. Y., on the brief), for defendants-appellees.

Before MOORE, FEINBERG and GURFEIN, Circuit Judges.

PER CURIAM:

Plaintiffs in this case are thirty-six present, past, or potential employees of the Monroe County Department of Social Services. Their suit, pleaded as a class action, alleges employment discrimination on the basis of race, sex, and national origin, and seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended, under 42 U.S.C. §§ 1981 and 1983, and under the Constitution. The precise facts of the various plaintiffs' claims vary considerably, not only as to the alleged acts of discrimination but also as to prior filings and proceedings before state and federal agencies.

The district court dismissed the action on the pleadings in an order, holding in one paragraph that the complaint failed to state a cause of action and failed to name as defendants indispensable parties, that plaintiffs lacked standing to bring the suit, and that the action was barred by the statute of limitations. This appeal from that dismissal raises numerous questions, including the following: whether each of the plaintiffs filed a charge with the Equal Employment Opportunity Commission (EEOC) and a complaint in the district court within Title VII's time limits; if not, whether those limits, particularly the former, are jurisdictional or may be tolled by equitable factors; whether any such equities are present in this case; whether defendants have engaged in a continuing pattern of discrimination so that the statute of limitations may not have run against various plaintiffs; whether a Title VII suit may run against individuals not named in the charge filed with the EEOC; whether a suit for damages under sections 1981 and 1983 may proceed against government officials if they acted within the scope of their official

duties and would be indemnified by the government for any judgment against them; and whether or in what circumstances a Title VII remedy is available to plaintiffs who have never been employed by the defendants.

We vacate the order of dismissal and remand to the district court for reconsideration of defendants' motion to dismiss. *Cf. Egelston v. State University College at Geneseo,* 535 F.2d 752 (2d Cir. 1976); *Noble v. University of Rochester,* 535 F.2d 756 (2d Cir. 1976). We trust that the district court will make the necessary analysis regarding each plaintiff, each cause of action and each defendant, particularly on the various statutes of limitation issues and on the alleged failure to state a cause of action, and will afford us the benefit of a written opinion. We suggest also that plaintiffs be given an opportunity on remand to remedy difficulties the district court found with the complaint. For example, those parties the district court held indispensable can be named in an amended complaint and specific factual allegations can be added.

Judgment vacated and remanded.