Janet WILLIAMS, Plaintiff,

v.

Albert V. CASEY, Postmaster General and John Burrell, individually and in his official capacity as an employee of the United States Postal Service, Defendants.

No. 85 Civ. 2822 (RWS).

United States District Court, S.D. New York.

March 26, 1987.

---

Stevens, Hinds & White, P.C., New York City (Aaron Frishberg, Jennifer Latifa Johnson, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for the Southern Dist. of N.Y., New York City by David R. Lewis, Asst. U.S. Atty., Judith Bello, Office of Field Legal Services, Northeast Regional Office, U.S. Postal Service, for defendants.

SWEET, District Judge.

In this action by Janet Williams ("Williams") against the Postmaster General and her supervisor John Burrell charging discrimination on the basis of age, gender, and handicap, the Postmaster General has moved under Fed.R.Civ.P. 12(b)(1) to dismiss Counts One through Five on the basis of lack of subject matter jurisdiction and the Count Six *Bivens* action on the basis that a court-made remedy is preempted by an exhaustive statutory remedy. For the reasons set forth below, the appli-

cation is denied with respect to the first five counts, and granted as to the sixth.

**Facts**

Virtually no discovery has been had in this case, the facts are set forth in the pleadings. Williams is a Postal Service Employee who has filed a number of administrative complaints, some of which the record reflects, but others of which have still not been precisely determined because Williams, who was *pro se* when she initiated them, did not keep all her documents, and the Postal Service has so far refused to produce them. The administrative claims which she is aware of are mirrored in the complaint.

Williams' first administrative claim alleged that her supervisor discriminated against her because of her sex. Her informal complaint form also alleged that she had been harassed for being ill. Although her complaint was not resolved at the informal stage, Williams' complaint file contains no record of a formal complaint having been filed.

Williams' second and third administrative claims (which were combined at the administrative level) alleged that she was being harassed in various ways by supervisors, but her papers at the informal and formal complaint level did not explicitly allege discrimination on the basis of a prohibited criterion. In Williams' appeal she finally identified retaliation as the motive for the harassment. Although Williams had written to ask for an extension of time to file her administrative appeal (she explained that she was being denied time off necessary to prepare it), her appeal was rejected for being a few days late.

Williams' fourth administrative complaint protested a suspension, which Williams maintains was imposed because of discrimination on the basis of age, reprisal, and declining health. Williams' administrative appeal was dismissed when she and counsel missed a hearing, and she has sought to reopen it. Her application to reopen was still pending in the Equal Employment Opportunity ("EEO") branch of the Postal Service at the time the motion was heard.

As noted, Williams has represented that she has made other administrative claims, which may or may not be relevant to this action, of which she has no record. Williams' counsel has represented that he made a discovery request for Williams' personnel file to ascertain the nature of the claims, but that the Postmaster General refused to produce discovery materials in contemplation of making this motion to dismiss.

## I. Jurisdiction

The Postmaster General has styled this application as a motion to dismiss for lack of subject matter jurisdiction, arguing that a plaintiff's failure to exhaust administrative procedures strips the district court of subject matter jurisdiction. The Postmaster General also argued that certain of the claims in Williams' complaint should be dismissed for lack of subject matter jurisdiction because the action in this court exceeds the scope of the earlier administrative claims. Williams has charged that the government has brought the motion as a jurisdictional attack to keep for itself the procedural advantage of being able to speak outside the pleadings without having to provide the discovery that necessarily precedes a Rule 56 summary judgment motion.

### A. *Subject Matter Jurisdiction and Failure to Exhaust*

Williams has brought her action under three statutes: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (gender); the Rehabilitation Act of 1973, 29 U.S.C. § 791 (handicap); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a (age). Title VII and the Rehabilitation Act share the same administrative exhaustion procedures, which vary slightly from those in the ADEA. The Postmaster General has briefed the issue assuming that the same jurisdictional standards apply for all three, which Williams has not contested.

Although the Postmaster General urges as a principle of law that a plaintiff's failure to exhaust administrative remedies

strips the court of subject matter jurisdiction, many of the cases cited by the Postmaster in support of other · propositions have dealt with the exhaustion issue not as a jurisdictional requirement, but as an element of the case. For instance, in *Boyd v. United States Postal Service,* 752 F.2d 410, 414 (9th Cir.1985), on which the Postmaster relies to establish the exclusivity of the handicap discrimination statutes, the Ninth Circuit explicitly deems the exhaustion issue non-jurisdictional. Likewise in *Connolly v. United States Postal Service,* 579 F.Supp. 305, 308 (D.Mass.1984) (Caffrey, C.J.), a case also relied on by the Postmaster General, the court addressed the exhaustion issue in the context of a motion for summary judgment, weighing facts to determine whether the plaintiff should be "excused from strict compliance with the exhaustion prerequisite."

This seems the outcome demanded by the Supreme Court's decision in *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), not cited by the Postmaster General. *Zipes* held that timely compliance with the administrative filing deadlines in Title VII was not a jurisdictional prerequisite to a suit in federal court, but a requirement subject to waiver, estoppel, equitable tolling, and so on. In doing so, the court noted "that Congress had approved ... cases that awarded relief to class members who had not exhausted administrative remedies," and that consequently the filing deadlines at issue "should not be construed to erect a jurisdictional prerequisite to suit in the district court." *Id.* at 397, 102 S.Ct. at 1134.

Similarly, the *Zipes* Court observed that the "guiding principle" that the court announced in construing Title VII cases is that a "technical reading" of statutory schemes is inapt because laymen initiate the process. *Id.* (citing *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)). By the very act of considering whether various exhaustion requirements have been waived or could be deemed estopped or tolled, reasoned the court, jurisdiction is assumed.[1]

■ Before *Zipes,* the Second Circuit had construed Title VII time limits to be jurisdiction predicates, which, consequently, were not subject to judicial modification. *See DeMatteis v. Eastman Kodak,* 511 F.2d 306, 309–11 (2d Cir.1975). Although apparently this rule was occasionally bent, not until 1984 in *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 145–46 (2d Cir.1984), did the Second Circuit explicitly announce that it was rejecting its old rule and adhering to the *Zipes* rule, which is now clearly the law of the Circuit. Consequently, the Postmaster General's application for dismissal due to subject matter jurisdiction on the grounds of Williams' failure to meet requisite administrative deadlines is denied. Parenthetically, the court is barred from converting a 12(b)(1) motion into one for summary judgment, *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986) ("a 12(b)(1) motion cannot be converted into a Rule 56 motion"), even if Williams had been afforded sufficient discovery to oppose it, which she has not.[2]

---

1. Failure to meet an administrative deadline is a common way for plaintiffs to fail to meet their exhaustion requirement, and courts often talk about "failure to exhaust" and "failure to comply with administrative deadlines" interchangeably. *See e.g., Boyd,* 752 F.2d at 414; *Connolly,* 597 F.Supp. at 307. Here, of course, the Postmaster General has argued that the plaintiff's failure to comply with deadlines strips the court of subject matter jurisdiction. Although, strictly speaking, the *Zipes* Court was ruling solely on the question of failure to exhaust by non-compliance with administrative time limits, its reasoning extends to failure to exhaust for other reasons.

2. For example, on the question of tolling or estoppel, Williams' letter asking for an extension to appeal an initial decision reports she was denied time off to attend to the preparation of her appeal, perhaps by the very superiors against whom she had filed grievances. On the basic question of what administrative actions Williams has filed over the period and what their final resolutions were, Williams' counsel is still somewhat in the dark. Williams was *pro se* at the time that she initiated them, and did not keep full records. Because of this, counsel sought discovery of Williams' personnel file, which has not yet been produced. Both issues, and perhaps others, are relevant to the question of exhaustion.

## B. *Subject Matter Jurisdiction and Matters Outside the Scope of the Administrative Claims*

■ Despite the fact that a failure to raise an issue in an administrative claim is analytically almost indistinguishable from failure to exhaust a claim, the Second Circuit has a different rule for the two cases with regard to subject matter jurisdiction. As discussed, non-compliance with exhaustion requirements such as administrative deadlines does not deprive a court of subject matter jurisdiction. However, the court has no subject matter jurisdiction over matters outside "the scope of the EEOC investigation which reasonably could be expected to grow out of the administrative charge." *Grant v. Morgan Guaranty Trust Co.*, 548 F.Supp. 1189, 1191 (S.D.N.Y.1982); *see also Gilliard v. New York Public Library System*, 597 F.Supp. 1069 (S.D.N.Y.1984). The Second Circuit has held numerous times that jurisdiction does exist when a claim is "reasonably related" to allegations in an EEOC claim. *See, e.g., Stewart v. I.N.S.*, 762 F.2d 193, 198 (2d Cir.1985); *Almendral v. New York State Office of Mental Health*, 743 F.2d 963, 967 (2d Cir.1984); *Kirkland v. Buffalo Bd. of Education*, 622 F.2d 1066, 1068 (2d Cir. 1980).

Williams' claims in this suit may fall within the scope of claims "reasonably related" to her administrative claims. In her first administrative action, Williams claimed she was being discriminated against by a supervisor on the basis of her sex. In her second and third administrative actions, Williams claimed she was being harassed by her supervisors, although she did not use the magic word "reprisal" until her appeal. In her fourth administrative action, Williams has claimed that she was suspended on the basis of reprisal, and discriminated against on the basis of age and declining health. Unlike the *Stewart* case, in which the Circuit determined that a firearms violation triggering a suspension was not reasonably related to prior administrative discrimination allegations, 762

F.2d at 198, Williams may be able to establish that these acts are reasonably related and consequently within the scope of what could reasonably have been expected to grow out of an administrative investigation of Williams' initial administrative allegations.

■ This, however, is not the proper time for the court to pass on that jurisdictional issue, as Williams has not been afforded the necessary discovery relevant to jurisdictional facts. As a general rule, before dismissing a suit for lack of jurisdiction a court will allow limited discovery going to the issue of jurisdiction. *Kamen v. American Tel. & Tel.*, 791 F.2d 1006, 1011 (2d Cir.1986). Dismissal without allowing plaintiff any opportunity to conduct reasonable discovery has been held to be an abuse of discretion. *Majd-Pour v. Georgiana Community Hosp.*, 724 F.2d 901, 903 (11th Cir.1984). The need for reasonable discovery can only be heightened in the context of Title VII and related actions, for which dismissal at too early a stage is frowned upon in this Circuit. *See, e.g., Egelston v. State University College*, 535 F.2d 752 (2d Cir.1976). Here, Williams has demanded but not yet received discovery potentially relevant to the jurisdiction. Williams herself was *pro se* when making her various administrative applications and did not keep full documentation of her various filings. She has apparently represented to counsel that she filed administrative discrimination actions beyond those for which she had records and which the Postmaster General appended to the current motion.

According to Williams' counsel, he demanded her personnel file well before the current motion to dismiss was filed, but no documents were produced until some of them appeared appended to the Postmaster General's motion. Counsel has represented that the personnel files will disclose complaints of OSHA violations and unfair labor violations further linked to a pattern of discrimination, harassment, and reprisal. Of course, evaluations put into Williams'

jacket by her supervisors may shed further light on what, if any, of their actions were reasonably related to Williams' initial administrative complaints. Much of this discovery, incidentally, will be relevant to the issue of exhaustion.

## II. *Preemption*

 Williams' Sixth Count is a *Bivens*[3] action based on a reprisal against her by Burrell, her supervisor, because of the exercise of her First Amendment rights. In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), however, the Supreme Court directly addressed the issue of the availability of a *Bivens* remedy to a federal employee for such retaliation, and concluded that because Congress had created "a comprehensive scheme to provide full compensation to civil service employees who are discharged or disciplined in violation of their First Amendment rights," *id.*, at 390, 91 S.Ct. at 2001 (Marshall, J., concurring), a *Bivens* remedy would not be available.

Williams has also grounded the Sixth Count on the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.* To the extent that she is demanding damages in the Sixth Count, they are not authorized by the APA. *See* 5 U.S.C. § 706. To the extent that she seeks injunctive relief, she has failed to allege that the supervisor's action constituted final agency action, although action must be final before it is reviewable under the Act. 5 U.S.C. § 704. Consequently, the claim will be dismissed.

## *Conclusion*

For the foregoing reasons, the Postmaster General's application to dismiss Counts One to Five for lack of jurisdiction is denied, and the application to dismiss Count Six on the grounds of preemption is granted. Discovery shall go forward on matters related to subject matter jurisdiction and on matters related to waiver on estoppel of administrative exhaustion requirements.

IT IS SO ORDERED.

---

**3.** *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).