**Bertrand SIMMONS, Plaintiff,**

v.

**SPORTS TRAINING INSTITUTE, Michael O'Shea, President, Randall Katchis, Manager, Defendants.**

**No. 86 Civ. 9586 (JFK).**

United States District Court, S.D. New York.

June 28, 1988.

Legal Services for the Elderly, New York City, for plaintiff; Jonathan A. Weiss, of counsel.

Epstein Becker Borsody & Green, P.C., New York City, for defendants Sports Training Institute and Michael O'Shea; Richard J. Reibstein, of counsel.

## MEMORANDUM OPINION and ORDER

KEENAN, District Judge:

### BACKGROUND

Plaintiff Bertrand Simmons, a Seventh Day Adventist, brings this action against defendants alleging that his termination of employment was based on the fact that his religion prevented him from working on Saturdays. Defendant Sports Training Institute ("STI") is a New York corporation and plaintiff's former employer. Defendant Michael O'Shea ("O'Shea") is President of STI and defendant Randall Katchis ("Katchis") is STI's Manager.

Defendants STI and O'Shea * now move to strike plaintiff's first three causes of

---

* Defendant Katchis has apparently not been    served and is not a party to this matter.

action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Defendants also move regarding plaintiff's fourth cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, to strike plaintiff's requests for compensatory and punitive damages and for a jury trial.

## DISCUSSION

It is well-established that a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) requires that, accepting the plaintiff's allegations as true, the movant show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Defendants argue that plaintiff's second and third causes of action brought under the fourteenth amendment, must be dismissed because defendants are private actors. The Court agrees. The Supreme Court has held that the fourteenth amendment can only be violated by action characterized as "state action." *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 2747, 73 L.Ed.2d 482 (1982). There is no showing that defendants are connected with the state in any way and thus, plaintiff's second and third causes of action must be dismissed.

Defendants also contend that plaintiff's first cause of action under 42 U.S.C. § 1981 must be dismissed because this section does not apply to actions alleging discrimination based on religion. It is well-established that § 1981 is primarily grounded in racial discrimination and does not apply to actions alleging religious discrimination. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968); *Catholic War Veterans v. City of New York*, 576 F.Supp. 71 (S.D.N.Y.1983). Plaintiff's first cause of action is dismissed.

Plaintiff's fourth cause of action is based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff demands a jury trial and seeks compensatory and punitive damages. The Court agrees with defendants that an action for compensatory or punitive dam-

ages will not lie under Title VII. *See Schick v. Bronstein*, 447 F.Supp. 333, 338 (S.D.N.Y.1978); *Whitney v. Greater N.Y. Corp. of Seventh Day Adventists*, 401 F.Supp. 1363, 1369 (S.D.N.Y.1975). Moreover, there is no right to a jury trial under Title VII because it "expressly authorizes only equitable remedies." *Great Am. Federal S. & L. Ass'n v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979). Thus, plaintiff's demands for compensatory and punitive damages and for a jury trial are stricken.

## CONCLUSION

Defendants' motion is granted in part and denied in part. Plaintiff's first, second and third causes of action are dismissed. Plaintiff's request for a jury trial and for compensatory and punitive damages under Title VII are stricken. Defendants' motion for Rule 11 sanctions is denied.

Discovery is to be completed by September 30, 1988 and the parties are to be Ready for Trial as of October 17, 1988. The Court's pretrial requirements are forwarded herewith.

SO ORDERED.