**Stanley P.J. MAYS, Plaintiff,**

v.

**NEW YORK CITY POLICE DEPARTMENT, Defendant.**

**No. 83 Civ. 1193(JES).**

United States District Court,
S.D. New York.

Dec. 9, 1988.

Stanley P.J. Mays, Corona, N.Y., plaintiff pro se.

Trevor L. Brooks, New York City, for plaintiff.

Peter L. Zimroth, Corp. Counsel of the City of New York, New York City, for defendant; Ruby Bradley, Nicole A. Gordon, Michele M. Ovesay, Alan M. Schlesinger, and Susan D. Wagner, Asst. Corp. Counsel, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Stanley P.J. Mays[1] brings this action against the New York City Police Department for alleged violations of Title VII, 42 U.S.C. §§ 2000e to 2000e–17 (1982). Plaintiff alleges that defendant terminated him from his position as a probationary police officer because of his race. Plaintiff further alleges that defendant provided unfair work references to the Department of Correction of the City of New York and placed false information in his personnel file in retaliation against him for filing charges regarding his termination with the New York State Division of Human Rights ("NYSDHR"). Defendant has moved for summary judgment pursuant to Fed.R.Civ. P. 56(c) on the grounds, *inter alia*, that plaintiff's termination claim is untimely and that his retaliation claim is not supported by any evidence. For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts, except as noted, are undisputed.

Plaintiff was employed by the Police Department as a probationary police officer from December 17, 1973 until December

---

1. Plaintiff initially appeared pro se in this action, and submitted an affidavit in opposition to defendant's first motion for summary judgment. The Court indicated that plaintiff's termination claim was untimely and that discovery should proceed on the retaliation claim. Plaintiff was represented by counsel for defendant's second summary judgment motion, which addressed plaintiff's retaliation claim.

13, 1974, when he was terminated. *See* Affidavit of Susan D. Wagner ("Wagner Aff.") at ¶ 5 & Ex. 6 at ¶ 4. On April 9, 1975, plaintiff commenced an Article 78 proceeding in New York state court challenging his termination as arbitrary and capricious. *See id.* at ¶ 6. Plaintiff's petition was dismissed and a motion to renew and reargue was denied. *See id.* at ¶¶ 7–8.[2]

Plaintiff states that he filed a complaint with the NYSDHR on November 17, 1975, alleging racial discrimination, *see* Plaintiff's Affidavit in Support of Plaintiff's Motion Dismissing Motion for Summary Judgment ("Plaintiff's Aff.") at ¶¶ 3, 10, but that he withdrew that complaint to pursue his Article 78 proceeding, *see* Wagner Aff., Ex. 8. According to defendant, plaintiff filed his NYSDHR complaint in February of 1976, although plaintiff contends that this was his second complaint filed with the state agency. *See* Wagner Aff. at ¶ 10 & Ex. 8.[3] That complaint was dismissed as untimely filed. *See id.* at Ex. 7.

In 1979, plaintiff applied to the Department of Correction for the position of correction officer. *See* Defendant's Rule 3(g) Statement dated April 30, 1987 ("Def's 3(g)") at ¶ 7. Plaintiff signed a release allowing the Police Department to divulge information to the Department of Correction. *See* Deposition of Stanley P.J. Mays at 21. At that time, Police Department policy was to allow other City agencies access to employment records only on written authorization from the individual. *See* Affidavit of Lowell Stahl ("Stahl Aff.") at ¶ 3 and Ex. A. In May, 1979, a Department of Correction investigator went to the Police Department to review plaintiff's personnel folder. *See* Def's 3(g) at ¶ 9. According to the investigator's report, he also spoke with Sgt. Louis Torrellas, who stated

he would give plaintiff a recommendation for the position of police officer. *See id.* at ¶ 11; Affidavit of Carolyn Berry, Ex. A at Doc. 23. The Department of Correction rejected plaintiff's application for employment in August, 1979. *See* Def's 3(g) at ¶ 15.

Plaintiff subsequently filed two actions, one with the NYSDHR and one with the Equal Employment Opportunity Commission ("EEOC"), claiming that defendant gave "unfair work references" to the Department of Correction in retaliation for plaintiff's filing of complaints regarding his termination. *See* Wagner Aff. at ¶¶ 13–14. Both complaints were dismissed after findings of no probable cause to believe the charges were true. *See id.* at Exs. 9–10. A notice of right to sue letter was issued on September 13, 1982. *See id.* at Ex. 11. Plaintiff's complaint was submitted to the pro se office on November 29, 1982 and was filed on February 15, 1983.

## DISCUSSION

### A. *Termination Claim*

Plaintiff's first claim is that he was terminated from his position as a probationary police officer because of his race. Pursuant to 42 U.S.C. § 2000e–5(e), when a person has initially instituted proceedings with a state agency, he must file a charge with the EEOC "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier ..." Plaintiff, however, has never claimed that he filed a charge with the EEOC with respect to his termination. The

---

**2.** The dismissal of the Article 78 proceeding was affirmed in January, 1978, and a motion for leave to appeal was denied in April, 1978. *See* Wagner Aff. at 9 & Ex. 5.

**3.** It is unclear from the motion papers when any complaint was actually filed with the state agency. Plaintiff submits a copy of a letter sent to him from the Executive Department of NYSDHR dated November 17, 1975, which requests that plaintiff file a charge with the agency within thirty days. *See* Plaintiff's Aff. at ¶ 3

& Ex. 2 at 1. He also submits a copy of a charge he claims was filed on November 17, 1975. *See id.*, Ex. 2 at 3. Defendant submits a copy of the same charge and claims it was filed on February 4, 1976. *See* Wagner Aff. at ¶ 10 & Ex. 6. Because the charge bears no date, the Court cannot determine when it was filed. Whether plaintiff filed his charge in November of 1975, February of 1976 or in fact filed on both occasions, however, is immaterial to the resolution of this motion.

only EEOC charge which plaintiff states that he filed is dated October 29, 1979 and refers to alleged retaliation by the Police Department in giving unfair work references to the Department of Correction.[4] *See* Wagner Aff., Ex. 8.

 However, even assuming arguendo that the 1979 EEOC charge could fairly be read to include the claim of discriminatory termination in 1974, *see, e.g., Kirkland v. Board of Educ.,* 622 F.2d 1066, 1068 (2d Cir.1980) (per curiam); *Williams v. Casey,* 657 F.Supp. 921, 925 (S.D.N.Y.1987), that claim would be untimely because it was not filed within three hundred days of the allegedly discriminatory act of termination. Although the statutory time limitation for filing an EEOC claim is not jurisdictional, it is like a statute of limitations. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Therefore, unless there is evidence of continuing discrimination, *see e.g., Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980), or there is a waiver, estoppel or some other basis for tolling the limitations period, *see, e.g., Zipes, supra,* 455 U.S. at 393, 102 S.Ct. at 1132, an action filed outside the three hundred day period is time barred. Here, plaintiff has alleged no such facts.[5] Therefore, the Court concludes that plaintiff's claim with respect to his termination in 1974 is untimely.[6]

### B. Retaliation Claim

Plaintiff's second claim is that defendant retaliated against him for filing charges regarding his termination by providing unfair work references to the Department of Correction. At Oral Argument, plaintiff's counsel advanced another retaliation argu-

---

**4.** Plaintiff did submit a form letter dated November 17, 1975 sent to him from the Executive Department of the NYSDHR which states, in part, that "[a] copy of your charge or letter to the Equal Employment Opportunity Commission has been referred to our attention, in accordance with the provisions of the Civil Rights Act of 1964." *See* Plaintiff's Aff. at Ex. 2. This indicates that plaintiff had some contact with the EEOC regarding the Police Department before November 17, 1975. However, plaintiff concedes that his charge with the state agency was voluntarily withdrawn. *See* Wagner Aff., Ex. 8. Although defendant in its memorandum indicates that charges were filed with both NYSDHR and EEOC on February 4, 1976, *see* Defendant's Memorandum of Law in Support of its Motion for Summary Judgment dated April 30, 1987 at 3, plaintiff has submitted no EEOC charge, EEOC determination, or notice of right to sue regarding his termination. Further, plaintiff does not allege that there were any EEOC proceedings with respect to any of his claims except those in connection with the charge filed in October, 1979. Therefore, there is no evidence from which the Court may conclude than any valid EEOC charge was filed with respect to plaintiff's termination claim. In any event, even if an EEOC claim had been filed in November of 1975, when plaintiff states his NYSDHR claim was filed, it would not have been filed within three hundred days of plaintiff's termination on December 13, 1984.

**5.** Although plaintiff indicated in his form complaint that he believes defendant is still committing acts of discrimination against him, and stated in his October 1979 state agency and EEOC charge that the defendant's violation was "continuing", he has not presented any facts to demonstrate a basis for finding the type of continuing violation which would justify a tolling of the time limitations. *See, e.g., Delaware State College, supra,* 449 U.S. at 257, 101 S.Ct. at 503; *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 107–08 (2d Cir.1978); *Noble v. University of Rochester,* 535 F.2d 756, 758 (2d Cir. 1976); *Egelston v. State University College at Geneseo,* 535 F.2d 752, 755 (2d Cir.1976). In sum, once plaintiff was terminated there could be no more continuing violation with respect to that termination. To hold otherwise would be to extend the statute of limitations indefinitely.

**6.** Because the Court disposes of the termination claim for the reasons stated above, it is unnecessary to address defendant's argument that the claim is barred by res judicata or collateral estoppel.

Defendant also argues that *both claims* are barred by 42 U.S.C. § 2000e–5(f)(1), which required plaintiff to commence an action within ninety days of the notice of right to sue, on September 13, 1982. Although the complaint was not filed until February 15, 1983, it was received in the Pro Se Office of the Court on November 29, 1982. When a pro se plaintiff's complaint is received by the Court within the statutory period, as here, and official filing is delayed by the Court's consideration of plaintiff's request for leave to proceed *in forma pauperis,* the action will be deemed timely for purposes of the statute of limitations. *See Rosenberg v. Martin,* 478 F.2d 520, 522 & n. 1a (2d Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Nielsen v. Flower Hosp.,* 639 F.Supp. 738, 740 (S.D.N.Y.1986). Therefore, the retaliation claim is not time barred.

ment, that false information was placed in his personnel file because he filed the NYSDHR charges.

■ To establish a prima facie case of retaliation under Title VII, plaintiff must show protected activity under Title VII known to defendant, an employment action disadvantaging him, and a causal connection between the protected activity and the disadvantageous employment action. *De-Cintio v. Westchester County Medical Center*, 821 F.2d 111, 115 (2d Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 46 (2d Cir.1980). Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the alleged retaliation. Finally, plaintiff has the burden of proving that the proffered reason is a pretext. *DeCintio, supra*, 821 F.2d at 115; *Grant, supra*, 622 F.2d at 46.

■ It is undisputed in this case that plaintiff filed charges of discrimination under Title VII with the NYSDHR in 1976, naming the Police Department as defendant. To establish his prima facie case, however, plaintiff must come forward with evidence to establish that there was an employment action disadvantaging him and that any such action was related to the NYSDHR filing.

In his EEOC complaint, plaintiff alleged that defendant had given unfair work references to the Department of Correction. Plaintiff, however, has come forward with no evidence to support that claim. Defendant merely allowed a Department of Correction investigator to review plaintiff's

personnel file pursuant to plaintiff's consent and Police Department policy.[7] Moreover, the only reference or recommendation stated in the investigator's report was a favorable one from Sgt. Torrellas. In short, there is simply no evidence that the defendant made any unfair work reference to the Department of Correction.[8]

At his deposition, plaintiff claimed that the Police Department maintained a list of people who should not be hired, although he did not recall who told him this. *See* Mays Dep. at 62. Plaintiff has presented no admissible evidence that there was such a list other than his unsubstantiated hearsay allegations. In addition, although plaintiff stated that white police officers had told him that he would be retaliated against for filing a complaint, he could not identify anyone who told him he would be retaliated against or what that retaliation would be. *See id.* at 57–61. This allegation is legally insufficient to withstand a motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

■ At Oral Argument, plaintiff's counsel argued a different theory, that the retaliation consisted of the placing of false information in plaintiff's personnel file. However, even assuming that material in the file was false,[9] there is no evidence that it was placed there in retaliation for plaintiff's conduct.[10] Plaintiff likewise has alleged no facts establishing that the material in the file, which relates to activity in 1973 and 1974, was not made contemporaneously with that activity and therefore has not shown that the material in the file even arguably could have been placed there

---

7. At Oral Argument, counsel for plaintiff conceded that there was no argument that defendant improperly allowed the investigator to look at the personnel file.

8. In addition, there is no evidence that the Department of Correction was ever aware of plaintiff's 1976 NYSDHR complaint. *Cf. Mays v. New York City Dep't of Correction*, 83 Civ. 0103(TPG), slip op. at 3–4 (S.D.N.Y. July 2, 1984) [available on WESTLAW, 1984 WL 601].

9. The Court notes that the affidavit of an attorney not based on personal knowledge is not

sufficient to establish plaintiff's prima facie case. *See Wyler v. United States*, 725 F.2d 156, 160 (2d Cir.1983). Here, the only evidence of falsity is the affidavit of plaintiff's attorney, on information and belief, which states that "plaintiff's personnel file contained an untruthful statement that the plaintiff had willfully withheld information on a female homicide suspect." *See* Affidavit of Trevor Brooks at ¶ 16.

10. In fact, plaintiff's counsel admitted at Oral Argument that there was no proof that the information was placed in the file in retaliation.

in retaliation for the 1976 NYSDHR filing. Moreover, there is no proof of who placed the material in the file and why it was placed there. It is clear therefore that since plaintiff will be able to elicit no proof at trial legally sufficient to support his retaliation claim, defendant's motion for summary judgment must be granted.[11]

### CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is granted and the complaint is dismissed. The clerk is directed to close the above-captioned action.

It is SO ORDERED.

---

**11.** Even assuming plaintiff had established a prima facie case, defendant has come forward with a legitimate, non-discriminatory motive in that it was their policy to allow access to personnel files with the consent of the individual. *See* Stahl Aff. at ¶ 3 and Ex. A. Moreover, as stated *supra* at n. 7, plaintiff does not contend that allowing the Department of Correction investigator to see the file was improper.