**William D. YOUNG, Plaintiff,**

v.

**TOWN OF FALLSBURG POLICE DEPARTMENT, Defendant.**

No. 91 Civ. 4876 (GLG).

United States District Court,
S.D. New York.

Oct. 1, 1991.

Michael H. Sussman, Goshen, N.Y., for plaintiff.

Rosenburg & Ufberg by Sheldon Rosenburg, of counsel, Liberty, N.Y., for defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiff, William D. Young, has commenced this suit against the Town of Fallsburg Police Department ("Police Department") based upon a series of incidents occurring while he was a part-time officer serving on the Fallsburg police force. His complaint alleges that the Police Department was responsible for acts of racial discrimination against Young by its Police Chief and officers that violated Title VII, 42 U.S.C. Sec. 2000e–5.

In June 1987, plaintiff William D. Young was hired as a part-time police officer for the Fallsburg Police Department. Young alleges that beginning in late 1988 he suffered continuing incidents of racial discrimination by the Police Department and its head, Police Chief Robinson. Young was the only Afro–American employee of the Police Department at the time of the incidents.

According to the plaintiff, in late 1988 Lieutenant Brent scheduled Young to work shifts that conflicted with his full-time job. The Police Department contends that Police Chief Robinson corrected the conflict. By Young's account, it was only when the employees' union interceded did Chief Robinson honor the Police Department's commitment to ensure that Young's shifts did not interfere with his regular job. Young stated that no such conflicts have ever arisen with respect to the other part-time police officer who was Caucasian.

Some months later, in March and April 1989, Police Chief Robinson twice denied Young the opportunity to attend police training classes normally available to police officers. At oral argument, Young's counsel stated that the white part-time police officer was allowed to attend such classes. Around the same time period, Young complained directly to Chief Robinson about racial remarks made by Sergeant Green, a fellow police officer. According to Young, Chief Robinson ignored his complaint. One week later, Sergeant Green physically assaulted Young. Only then did Chief Robinson punish Green for his actions by suspending him. Young alleges that other racial incidents occurred through 1989 including a personal reprimand by Chief Robinson for handing out tickets to certain members of the community.

In December 1989, Young was fired by Chief Robinson. The stated reason for his termination given to Young by Chief Robinson was that the Police Department was eliminating its part-time officers and moving to a full-time force. Young alleges that the other white part-time officer was never fired and in fact the Police Depart-

ment has hired new part-time police officers.

In February 1990, Young filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") claiming violations of Title VII by the Fallsburg Police Department. Young's EEOC complaint named only the Town of Fallsburg Police Department as a defendant. On July 17, 1991, Young filed a complaint in federal court alleging violations of Title VII, 42 U.S.C. Sec. 2000e–5 and New York State Executive Law, Sec. 296, subd. 1(a), commonly referred to as the New York Human Rights Law. Young named only the Police Department as a defendant in his complaint.[1]

## DISCUSSION

Defendant has moved under Rule 12(b)(7) of the Federal Rules of Civil Procedure to dismiss the complaint against the Town of Fallsburg Police Department for failure to join the proper employer as a necessary party and under Rule 12(b)(6) for failure to meet Title VII's mandatory filing deadline. Defendant also seeks dismissal of plaintiff's request for compensatory damages and transportation expenses and denial of pendent jurisdiction over Young's state law claims. In deciding the motion to dismiss, the court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). For the purposes of this motion, the court must accept the material factual allegations as true without weighing the potential evidence that might be offered. *See Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774 (2nd Cir.1984).

■ Defendant first argues that the Town of Fallsburg Police Department is not plaintiff's employer under Title VII and that, since the proper employer-defendant

has not been joined, the complaint must be dismissed under Rule 12(b)(7). Specifically, defendant argues that the plaintiff in his complaint identified the Town of Fallsburg as his employer, not the Police Department. Since its police department is not a "political subdivision" of the state under 42 U.S.C. Sec. 2000e–5, it is not a proper "employer" under Title VII and may not be sued for any discriminatory incidents which may have occurred. Defendant, however, misinterprets the definition of "employer" under Title VII. Section 2000e(b) defines "employer" for the purposes of determining parties amenable to Title VII suits. That section defines "employer" as "a person engaged in an industry affecting commerce who employs fifteen or more ... and any agent of such a person." Section 2000e(a) defines "person" to include "one or more individuals, governments, *governmental agencies*, political subdivisions, labor union ..." (emphasis added). There is no dispute that the Fallsburg Police Department, as a governmental agency of the Town of Fallsburg, qualifies as a "person" under Title VII. In addition, the Police Department admits that it has twenty-five employees including police officers and dispatchers. Furthermore, defendant did not question whether the Police Department affects commerce. Consequently, it clearly qualifies as an "employer" under Title VII and is thus a proper defendant in a Title VII action. Thus, defendant's motion to dismiss the complaint under Rule 12(b)(7) is denied.

■ The court notes that Title VII discrimination suits have been filed in this district against police departments without joining the town or municipality as co-defendant. *See, e.g., Watts v. New York City Police Department*, 724 F.Supp. 99 (S.D.N.Y.1989); *Mays v. New York City Police Department*, 701 F.Supp. 80 (S.D.N.Y.1988), *aff'd*, 888 F.2d 1376 (2nd Cir.1989). Whether any damages, if awarded, can be recovered from the Police

---

1. The court notes that the Plaintiff did not name either the Town of Fallsburg or its Police Chief Robinson as co-defendants in this case. According to counsel, the Plaintiff, proceeding pro se before the EEOC, inadvertently named only the Police Department as a defendant in its administrative complaint. Therefore, the letter of right to sue issued by the EEOC named only the Police Department as a defendant for Plaintiff's Title VII suit.

Department directly without the Town also named as a co-defendant is a separate issue.[2]

■ Second, defendant asks the court to dismiss as untimely all allegations of racial discrimination stemming from incidents that occurred outside the 180–day time period set by Title VII and tolled when plaintiff filed his complaint with the EEOC. Section 2000e–5(e) requires that a charge with the EEOC must be filed within 180 days after the alleged unlawful employment practice took place. Courts have interpreted this provision to allow Title VII claimants to maintain suits otherwise barred by the 180–day limit if the acts constituted a "continuing violation" of Title VII and at least one act occurred within the 180–day period. *See, e.g., Ass'n Against Discrimination v. City of Bridgeport,* 647 F.2d 256, 274–75 (2nd Cir.1981); *Alveari v. American Intern. Group, Inc.,* 590 F.Supp. 228, 231 (S.D.N.Y.1984). The defendant contends that the incidents suffered by Young while employed at the Police Department were isolated, unrelated acts and as such they do not qualify as a "continuing violation" of Title VII. Therefore, the court should exclude references to all incidents except the one action clearly falling within the 180 days preceding the filing of the EEOC complaint, Young's job termination.

The court, however, disagrees with defendant's characterization of these racial incidents. Taking the plaintiff's allegations as true, as this court must on a motion to dismiss, it appears that the doctrine of "continuing violations" applies in this case. Chief Robinson maintained ultimate authority to assign work hours to the offi-

cers and only remedied Young's conflicts when forced to by Young's union. The other part-time officer who was white experienced no such problems. The court could infer that Young's shifts were assigned with the intent to create problems for him. Also, it was not disputed that Chief Robinson twice denied Young permission to attend police training classes. Young has alleged that white officers did not receive like treatment in their work assignments or training opportunities.

Young further states that Chief Robinson ignored Young's complaint of racial harassment by Lt. Green, a fellow officer, until Young was physically assaulted by that officer. Young also alleges that Chief Robinson personally reprimanded him and ultimately fired Young in December 1989 on the pretext of trimming down the Police Department to a full-time force. As mentioned earlier, it is claimed that the white part-time officer was never fired and in fact new part-time officers were hired after Young's termination.

■ The court counts at least seven incidents over the course of one year that it could infer were racially motivated, all involving Chief Robinson and members of the Police Department. As defendant admits, the final act of terminating Young's employment was clearly within the 180–day cutoff. The court can easily infer that the series of incidents of racial discrimination were neither isolated nor unrelated but rather a pattern of abuse perpetrated by the Fallsburg Police Department through it Police Chief. Despite defendant's contention, the focal point of a "continuing violation" is not a repeated perpetrator but only repeated acts of discrimination. *See Walt-*

---

**2.** The court notes that although Young did not name either the Town of Fallsburg itself or its Police Chief as co-defendants in his EEOC complaint, this omission would likely not be fatal to a motion to amend the complaint to add them as defendants in this Title VII suit. Although the general rule is that defendants not named in the EEOC complaint may not be sued in Title VII suits, an exception exists. If Plaintiff can demonstrate that there is "substantial identity" between the unnamed defendants and the Police Department, that they had actual notice of the claims, and the substance of the claims would

remain unchanged, he could add them as co-defendants to its complaint. *See Giuntoli v. Garvin Guybutler Corp.,* 726 F.Supp. 494, 497–99 (S.D.N.Y.1989); *Vulcan Soc. of Westchester Cty. v. Fire Dep't of White Plains,* 82 F.R.D. 379, 389 (S.D.N.Y.1979); *Santiago v. Wood,* 904 F.2d 673, 675–76 (11th Cir.1990). Additionally, the Police Chief as an "agent" of either the Police Department, the Town, or both could be considered an "employer" for Title VII purposes under Sec. 2000e(b). *See Owens v. Rush,* 636 F.2d 283, 285–86 (10th Cir.1980).

*man v. International Paper Co.*, 875 F.2d 468, 475 (5th Cir.1989). The court finds that the plaintiff has made out a prima facie case of "continuing violations" of Title VII. Therefore, defendant's motion to dismiss under Rule 12(b)(6) is denied.

■ The third issue raised by defendant is the propriety of the relief requested by Young. Defendant argues that the awarding of compensatory damages is prohibited under Title VII; damages under Title VII are limited to back pay. The court agrees with this position. *See Simmons v. Sports Training Institute*, 692 F.Supp. 181, 182 (S.D.N.Y.1988). However, plaintiff is seeking this relief under his pendent state claims. New York law allows courts to award compensatory damages for violations of the New York Human Rights Law. *See, e.g., Batavia Lodge No. 196, Loyal Order of Moose v. New York State Division of Human Rights*, 35 N.Y.2d 143, 359 N.Y.S.2d 25, 316 N.E.2d 318 (1974). Defendant has cited no authority to the contrary. Consequently, so long as the pendent state claims remain, no reason exists for the court to dismiss these damages claims.

■ Finally, defendant argues that plaintiff's pendent state law claims should be dismissed. A court's discretionary exercise of pendent jurisdiction involves two issues: the court's power to hear the state law claim and the proper exercise of its discretion in doing so. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Here, it is undisputed that the claims under the New York Human Rights Law derive from the same incidents as plaintiff's Title VII claims; both sets of claims center on the incidents at the Fallsburg Police Department. Moreover, since it is not clear that state law issues will predominate, unsettled state laws will confuse the jury, or tricky state procedural issues will tangle up the case's resolution, we find no serious obstacle to exercising pendent jurisdiction. *See Song v. Ives Laboratories, Inc.*, 735 F.Supp. 550 (S.D.N.Y.1990).

## CONCLUSION

To conclude, the court denies Defendant's motion to dismiss the complaint for failure to join the proper employer as a party and to dismiss all allegations of incidents occurring more than 180 days before the EEOC complaint was filed. The court also denies Defendant's request to dismiss the pendent state claims and the compensatory damages requests that accompany them.

SO ORDERED.