896 F.Supp. 29 (1995)
Myron M. HARLEY, Plaintiff,
v.
John H. DALTON, Secretary of the Navy, Defendant.
Civ. A. No. 94-2613 PLF.
United States District Court, District of Columbia.
August 18, 1995.
*30 Gwendolyn R. Bennett, IPACHI, Washington, DC, for plaintiff.
Cynthia A. Schnedar, Assistant U.S. Attorney for the District of Columbia, Washington, DC, for defendant.

MEMORANDUM OPINION
PAUL L. FRIEDMAN, District Judge.
Plaintiff filed this action pro se and without prepayment of costs. He claims that he was discriminated against by his employer because of his disability and that he was subjected to sexual harassment. Defendant responded with a motion to dismiss. Plaintiff subsequently obtained an attorney who prepared and filed an opposition to the motion to dismiss.[1]
Plaintiff then obtained leave to amend the complaint in order to raise an unlawful termination claim under the Rehabilitation Act of 1973. The amended complaint realleges and incorporates by reference to the initial complaint all of plaintiff's original allegations and claims. Defendant filed a motion for partial dismissal of those portions of the original complaint that are incorporated into the amended complaint. Defendant incorporated by reference its arguments in its original motion to dismiss. As plaintiff opposed defendant's initial motion with the assistance of counsel, the Court will address the arguments in defendant's original motion to dismiss.

I. STANDARD OF REVIEW
In considering a motion to dismiss, plaintiff's factual allegations are presumed to be true and liberally construed in favor of the plaintiff. Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C.Cir.1979). Summary dismissal is only appropriate if it appears beyond a reasonable doubt that no set of facts proffered in support of plaintiff's claim would entitle him to relief. Martin v. Ezeagu, 816 F.Supp. 20, 23 (D.D.C.1993); see Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C.Cir.1987). In this case, plaintiff's complaint was drafted and filed without the assistance of counsel. Although pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and the plaintiff is entitled to all favorable inferences which may be drawn from his or her allegations, Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), "a pro se complaint, like any other, must present a claim upon which relief can be granted by the court." Henthorn v. Department of Navy, 29 F.3d 682, 684 (D.C.Cir.1994) (citation omitted).

II. DISCUSSION
Plaintiff was removed from his position as a GS-5 Accounting Technician at the Naval Computer and Telecommunications Station, Washington, D.C., on September 22, 1988. Defendant contends that plaintiff's termination was due to plaintiff's nearly 300 hours of unauthorized absences from work. Plaintiff appealed his removal to the Merit Systems Protection Board ("MSPB") on the grounds that he had been discriminated against because of a disability. The Administrative Law Judge found that there had been no disability discrimination. The MSPB denied plaintiff's petition for review of the ALJ decision because the petition did not establish the existence of new and material evidence or that the ALJ's decision was based on an erroneous interpretation of statute *31 or regulation. See 5 C.F.R. § 1201.115(d)(1) and (2).
Plaintiff then appealed the MSPB decision to the Equal Employment Opportunity Commission which had jurisdiction to review only the discrimination portion of the MSPB decision. Gollis v. Garrett, 819 F.Supp. 446, 449 (E.D.Pa.1993); James v. Levinson, 680 F.Supp. 187, 190 (E.D.Pa.1988); see 5 U.S.C. § 7702. The EEOC concurred in the decision of the MSPB. The EEOC's decision letter to plaintiff, dated October 26, 1994, states that plaintiff had a right to file a civil action "WITHIN THIRTY (30) CALENDAR DAYS" of the date he received the EEOC decision. Def.'s Ex. C (emphasis in original).
Plaintiff filed this civil action requesting that the Court review the MSPB decision; the complaint and in forma pauperis application were received in this Court on November 16, 1994, but not docketed until December 6, 1994.[2] In his initial complaint, plaintiff claims that he was discriminated against and terminated because of his disabilities and that he was sexually harassed. Complaint ¶¶ 2, 3. These allegations have been incorporated into plaintiff's amended complaint. Defendant moves to dismiss these claims on several grounds.

A. Timeliness
Claims by federal employees alleging discrimination because of disability are brought under the Rehabilitation Act of 1973. 29 U.S.C. § 791. The Act incorporates by reference the procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. ¶¶ 2000e et seq. See 29 U.S.C. § 794a(a)(1). EEOC regulations related to the processing of mixed case appeals such as plaintiff's provide that plaintiff must file a civil action within 30 days of receiving notice that the EEOC concurs in the findings of the MSPB. 29 C.F.R. 1614.310(d).
Defendant argues that plaintiff's claim is untimely because the EEOC's decision letter was dated October 26, 1994, but this civil action was not filed until December 6, 199441 days later. Even granting five days for receipt of the letter, argues defendant, plaintiff's filing is untimely.
Plaintiff points out, however, that the original complaint and an application to proceed in forma pauperis were filed with the Court on November 16, 1994. Although plaintiff has not definitively stated when he received the decision letter, November 16, 1994, is only 21 days after the EEOC issued its decision and is, unquestionably, within 30 days of plaintiff's receipt of the decision letter. The order granting plaintiff leave to proceed without prepayment of costs was not signed until November 30, 1994. The case was then docketed on December 6, 1994. It is plain, therefore, that the official filing was delayed solely by the Court's consideration of the application to proceed in forma pauperis. Plaintiff's complaint was received by the Court within the statutory time period. Accordingly, the Court deems plaintiff's complaint timely filed for the purposes of the statute of limitations. See Mays v. New York City Police Dep't, 701 F.Supp. 80, 83 n. 6 (S.D.N.Y.1988), aff'd without opinion, 888 F.2d 1376 (2d Cir.1988).

B. Failure to State a Prima Facie Case of Sexual Harassment
To state a prima facie claim of sexual harassment, a plaintiff must demonstrate that (1) he or she was a member of a protected class; (2) he or she was subjected to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take any remedial action. Huddleston v. Roger Dean Chevrolet, Inc., 845 F.2d 900, 903-05 (11th Cir.1988).
Plaintiff's allegations regarding sexual harassment appear to allege that he was *32 subjected to a hostile working environment. The complaint states that the alleged sexual harassment took the form of "[the] creat[ion of] a working environment unsafe and unhealthy to work in through intimidation and threats of one losing their job." Complaint ¶ 3. In his opposition to summary judgment, plaintiff explains that "he ... experience[d] harassment by his employer because he was unable to report to work as scheduled due to his disability." Opp'n to Summ.J. at 4. Even reading this pro se complaint liberally, the Court is unable to detect any allegations that suggest that plaintiff is able to state a prima facie case of sex discrimination and sexual harassment. Even plaintiff acknowledges that his claim of sexual harassment might be incorrectly labeled. Opp'n to Summ.J. at 4. Therefore, plaintiff's claim of sex discrimination and sexual harassment is dismissed.[3]

C. Entitlement to Punitive or Compensatory Damages
Individuals alleging discrimination under the Rehabilitation Act are entitled to the same remedies as those available to individuals bringing claims under Title VII. Prior to November 21, 1991, a person alleging discrimination in violation of Title VII of the Civil Rights Act or the Rehabilitation Act was not entitled to recover compensatory damages. With the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Congress enacted a provision to permit recovery of such damages. The United States Supreme Court has held, however, that the Civil Rights Act of 1991 does not apply retroactively to incidents of discrimination that are alleged to have occurred prior to the effective date of the 1991 Act. Landgraf v. USI Film Products, ___ U.S. ___, ___, 114 S.Ct. 1483, 1508, 128 L.Ed.2d 229 (1994). Plaintiff's removal and the other incidents of which he complains all took place in 1988. Therefore, plaintiff is not entitled to compensatory damages. Nor is plaintiff entitled to punitive damages against defendant. 42 U.S.C. § 1981a(b)(1). The Court, therefore, grants defendant's motion to strike plaintiff's claims for punitive and compensatory damages from the initial complaint.

III. CONCLUSION
For the reasons stated above, plaintiff's claim of sexual harassment is dismissed and his claim for compensatory and punitive damages is stricken from the complaint.
SO ORDERED.
NOTES
[1] Plaintiff's counsel has since been granted permission to withdraw as counsel of record because of changes to her employment. Plaintiff has requested that the Court appoint new counsel.
[2] Plaintiff seeks review of a mixed case appeal, an appeal filed with the MSPB that alleges that an appealable agency action was effected because of discrimination. 29 C.F.R. § 1614.302(a)(2), (b). Where an employee is challenging judicially the MSPB's determinations of both discrimination and nondiscrimination issues, the appeal lies with the district court, which conducts a de novo review. Hill v. Department of the Air Force, 796 F.2d 1469, 1470 (Fed. Cir.1986) (citations omitted); 5 U.S.C. § 7702(a)(1); 5 U.S.C. § 7703(b)(2), (c).
[3] Defendant also argues that plaintiff has not exhausted administrative remedies as regards his claim of sexual harassment. Because plaintiff apparently concedes that his claim is not one of sexual harassment and the Court has found that the allegations in plaintiff's complaint fail to allege sexual harassment, it will not reach the administrative exhaustion argument.